**Meyer GLICKSTEIN**

v.

**CONSOLIDATED FREIGHTWAYS and Richard Saunders.**

**Civ. A. No. 89–2665.**

United States District Court, E.D. Pennsylvania.

Aug. 11, 1989.

Edwin B. Barnett, Philadelphia, Pa., for plaintiff.

Sidney R. Steinberg, Philadelphia, Pa., for defendants.

OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This action comes before the Court on defendant's motion to dismiss count III of plaintiff's amended complaint under F.R.

Civ.P. 12(b)(6). Defendant argues that plaintiff fails to state a claim for intentional infliction of emotional distress. For the reasons stated below, defendant's motion will be Granted.

## Background

Plaintiff was employed for seventeen years as the manager of the Consolidated Freightways Norristown and West Chester terminals. In his complaint, plaintiff alleges that defendant discharged him because of his age and in an effort to deny him his retirement benefits. Count I alleges a claim for violation of the Age Discrimination in Employment Act ("Act"), 29 U.S.C. § 621 *et seq.*, Count II alleges a claim for violation of the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, and Count III alleges a claim for intentional infliction of emotional distress. Defendant moves to dismiss Count III.[1]

## Discussion

F.R.Civ.P. 12(b)(6) instructs a court to dismiss a case for failure to state a cause of action only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The issue is not whether plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support the claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Because granting such a motion results in a determination on the merits at such an early stage of plaintiffs' case, " 'we must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff,' and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township*, 838 F.2d 663, 665 (3d Cir. 1988) (quoting *Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 506 (3d

Cir.1985)), *cert. denied,* —— U.S. ——, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989).

Defendant argues that we should dismiss plaintiff's claim for intentional infliction of emotional distress because (1) the Pennsylvania Supreme Court does not recognize the tort; (2) under Pennsylvania law, such a claim against one's employer is completely barred by the Pennsylvania Workmen's Compensation Act; and (3) it fails to allege the extreme and outrageous conduct necessary to state such a claim. We will address each of these contentions in turn.

In *Kazatsky v. King David Memorial Park, Inc.*, 515 Pa. 183, 527 A.2d 988 (1987), the Pennsylvania Supreme Court analyzed and dismissed an intentional infliction of emotional distress claim, but it expressly declined to consider whether such a cause of action exists in Pennsylvania. Following such ambiguous authority, courts interpreting Pennsylvania law continue to dispute the viability of the tort. *Compare e.g., Koch v. American Telephone & Telegraph Co.*, No. 88–9208, slip op., 1989 WL 37123 (E.D.Pa. April 13, 1989); *Clemens v. Gerber Scientific Inc.*, No. 87–5949, slip op., 1989 WL 3480 (E.D.Pa. January 13, 1989) (Pennsylvania does not recognize tort) with *Roe v. Operation Rescue*, 710 F.Supp. 577 (E.D.Pa.1989) (Pennsylvania does recognize tort). However, in *Williams v. Guzzardi*, 875 F.2d 46 (3d Cir.1989), the Third Circuit held that federal courts should recognize the tort until the Pennsylvania Supreme Court issues a clear statement as to its viability. Therefore, we will reject defendant's first contention and assume that under certain circumstances a plaintiff can state a claim for emotional distress.

■ In pertinent part, the exclusivity provision of the Pennsylvania Workmen's Compensation Act ("the Act") provides as follows:

The liability of an employer under this act shall be exclusive and in place of any

---

1. Both parties agree that Pennsylvania law applies to the intentional infliction of emotional distress claim.

and all other liability to such employes ... or anyone otherwise entitled to damages in any action at law....

77 Pa. Cons.Stat.Ann. § 481(a) (Purdon Supp.1988). As we discussed in *Murr v. National Computer Systems*, No. 88–5833, slip op., 1988 WL 132472 (E.D.Pa. Dec. 8, 1988), the Pennsylvania Supreme Court has made clear that Workmen's Compensation bars an employee's recovery for an intentional tort arising out of the employment context. *Poyser v. Newman & Co., Inc.*, 514 Pa. 32, 522 A.2d 548, 550–51 (1987). Courts interpreting *Poyser* have held that the Act bars common law claims for intentional infliction of emotional distress. *See McBride v. Bell of Pennsylvania*, No. 89–0243, slip op. at 3, 1989 WL 71545 (E.D.Pa. June 27, 1989); *Vasys v. United Engineers and Constructors*, No. 88–4323, slip op. at 4, 1988 WL 99689 (E.D.Pa. Sept. 23, 1988); *Snyder v. Congoleum/Kinder, Inc.*, 664 F.Supp. 975, 977–78 (E.D.Pa.1987). Having found no authority to the contrary, and without reason to distinguish the above cases, we conclude that the Act bars plaintiff's claim for intentional infliction of emotional distress.[2]

We also conclude that even if the Act did not bar common law recovery, defendant's alleged conduct does not rise to the level of outrageousness necessary to state a claim for intentional infliction of emotional distress. Such a claim is made out only where conduct is so outrageous and extreme that it goes beyond all bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community. *Paul v. Lankenau Hospital*, 375 Pa.Super. 1, 543 A.2d 1148, 1158 (1988);

*Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir.1988). Without belittling plaintiff's allegations, we must conclude that they do not satisfy the stringent requirements for establishing outrageousness. Plaintiff's claim that his discharge was carried out in a fashion designed to cause him severe emotional distress pales in comparison to the cases that have permitted recovery for intentional infliction of emotional distress.[3] *See e.g., Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d Cir.1979) (defendant team doctor told reporter, with knowledge of its falsity, that member of the team suffered from potentially fatal blood disorder); *Bowersox v. P.H. Glatfelter Co.*, 677 F.Supp. 307, 309–12 (M.D.Pa.1988) (allegations of highly offensive sexual harassment of employee and retaliation by supervisor for employee's rejection). *Papieves v. Kelly*, 437 Pa. 373, 263 A.2d 118 (1970) (defendant's car hit and killed plaintiff's son, and then without obtaining medical assistance or notifying police, defendant buried the body). *Banyas v. Lower Bucks Hospital*, 293 Pa.Super. 122, 437 A.2d 1236 (1981) (defendant hospital's employees and physicians intentionally prepared inaccurate records charging plaintiff with causing the death of third party which resulted in plaintiff's being indicted on homicide charges). In addition, a number of courts have dismissed analogous intentional infliction claims where an employee alleges that his employer harassed and wrongfully terminated him. *See e.g., Liakakos v. Cigna Corp.*, No. 87–0390 slip op. at 5, 1989 WL 5325 (E.D.Pa. January 20, 1989) ("[A]ny termination involves a degree of trauma for the individual employee and cannot be deemed so outrageous to fall outside the bounds of civilized behavior.");

---

**2.** Plaintiff claims that even if the Act bars common law recovery against Consolidated Freightways, it does not bar recovery against his employer, Richard Saunders, in his individual capacity. Because of our disposition of the "outrageousness" issue, we need not address this question.

**3.** Plaintiff also submits an affidavit in which he alleges that defendant told a prospective employer that he was discharged for financial improprieties, and that defendant deliberately delayed providing plaintiff with his final pay-

checks to cause him financial embarrassment. Plaintiff argues that in light of this affidavit, we should give him the opportunity to discover further facts to support his claim. While we do not consider matters outside the pleadings in ruling on a 12(b)(6) motion, even if we were to consider these allegations, and allow plaintiff to amend his complaint accordingly, we would still conclude that defendant's conduct could not support a claim for intentional infliction of emotional distress.

*Sugarman v. RCA Corp.*, 639 F.Supp. 780 (M.D.Pa.1985) (false charges of theft leading to humiliation and embarrassment before fellow employees and termination of employment); *Brieck v. Harbison–Walker Refractories*, 624 F.Supp. 363, 367 (W.D. Pa.1985) (wrongful discharge including age discrimination), *aff'd in relevant part* 822 F.2d 52 (3d Cir.1987); *Hooten v. Pennsylvania College of Optometry*, 601 F.Supp. 1151, 1155 (E.D.Pa.1984) (disparaging remarks about plaintiff and continued harassment leading to termination of employment); *Wells v. Thomas*, 569 F.Supp. 426 (E.D.Pa.1983) (continued harassment designed to force resignation); *Beidler v. W.P. Grace, Inc.*, 461 F.Supp. 1013 (E.D. Pa.1978) (exclusion from meetings concerning employment status and additional harassment leading to termination). As one can infer from our recitation of the above cases, it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to support a claim for intentional infliction of emotional distress. Plaintiff's claim is clearly no exception. Therefore, for the reasons adduced above, we will dismiss with prejudice Count III of plaintiff's complaint.

An appropriate Order follows.

### ORDER

AND NOW, this 11th day of August, 1989, upon consideration of MOTION TO DISMISS, filed by defendant on May 22, 1989 and REPLY thereto, filed by plaintiff on June 19, 1989, it is hereby ORDERED that defendant's motion is Granted. Count III of plaintiff's complaint is hereby DISMISSED with prejudice.