Carol GILMORE, Plaintiff,

v.

MANPOWER, INC., Defendant.

Civ. A. No. 88–2537.

United States District Court,
W.D. Pennsylvania.

April 16, 1992.

Byrd R. Brown, Pittsburgh, Pa., for plaintiff.

Ellen L. Surloff, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

LEWIS, District Judge.

Defendant, Manpower, Inc., terminated the employment of plaintiff, Carol Gilmore, on March 10, 1988. According to Manpower, Gilmore refused to alter her flagrantly insubordinate behavior despite having received repeated warnings from her superiors.

In a three-count complaint filed against Manpower on November 21, 1988, plaintiff alleges that age discrimination, not the legitimate business reasons articulated by Manpower, motivated her discharge. Counts I and II assert violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. Count III purports to assert a tort claim under Pennsylvania law for intentional infliction of emotional distress. This putative pendent claim arises from Manpower's allegedly outrageous conduct in supervising and discharging plaintiff.

On December 2, 1991, Manpower filed a motion for partial summary judgment (the "Motion") with respect to Count III of the complaint. Manpower advances three arguments that support its Motion: (1) Pennsylvania does not recognize the tort of intentional infliction of emotional distress; (2) any such action, if recognized, is barred in this case by the Pennsylvania Workers' Compensation Act; and (3) the facts of this case fail to constitute intentional infliction of emotional distress as a matter of law.

Manpower's Motion will be granted because plaintiff's intentional infliction of emotional distress claim is barred by the exclusivity provision of the Pennsylvania Workers' Compensation Act ("WCA"), 77 P.S. § 1, et seq.[1]

## DISCUSSION

Pennsylvania's employers are generally immunized from employee lawsuits for most job-related injuries in return for being subjected to a statutory no-fault system of compensation for worker injuries. This

---

1. The clear bar presented by the WCA makes it unnecessary to address the merits of the two additional arguments made by Manpower in support of its Motion. First, this court need not add its voice to the already cacophonous debate surrounding whether Pennsylvania has adopted the tort of intentional infliction of emotional distress as described in section 46 of the Restatement (Second) of Torts. See e.g., Williams v. Guzzardi, 875 F.2d 46 (3d Cir.1989); Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265 (3d Cir.1979); Kazatsky v. King David Memorial Park, 515 Pa. 183, 185 n. 1, 527 A.2d 988 (1987); McNeal v. The City of Easton, 598 A.2d 638 (Pa.Cmwlth.1991). Second, this court also need not determine whether the conduct alleged by plaintiff is sufficiently outrageous to allow the intentional infliction of emotional distress claim to go to a jury.

statutory immunization is found in § 303(a) of the WCA which provides, in pertinent part:

> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependent, next of kin or anyone else entitled to damages in any action at law.

77 P.S. § 481(a) (Purdon Supp.1991).

Pennsylvania's courts and federal courts sitting in Pennsylvania have affirmed that the WCA "provides the exclusive means by which a covered employee can recover against an employer for injury in the course of his employment." *Kline v. Arden H. Verner Co.*, 503 Pa. 251, 253, 469 A.2d 158, 159 (1983); *Accord James v. IBM Corp.*, 737 F.Supp. 1420 (E.D.Pa.1990), *reconsid. denied,* No. 88–6285, 1991 WL 86918 (May 20, 1991). Moreover, the Pennsylvania Supreme Court has made it clear that the WCA bars an employee's recovery even for an intentional tort arising out of the employment context. *Poyser v. Newman & Co., Inc.*, 514 Pa. 32, 36–38, 522 A.2d 548, 550–51 (1987).

Courts interpreting *Poyser* consistently have held that the WCA serves as an absolute bar to employees' common law claims for intentional infliction of emotional distress. *See e.g., James v. IBM*, 737 F.Supp. at 1427; *Kinnally v. Bell of Pennsylvania*, 748 F.Supp. 1136, 1143 (E.D.Pa.1990); *Kuhn v. Mellon Bank, N.A.*, No. 87–2767, 1989 WL 297956 (W.D.Pa. June 19, 1989) (Standish, J.). Accordingly, district courts within the Third Circuit repeatedly have granted defendant-employers' requests for summary judgment or dismissal of plaintiff-employees' intentional infliction claims. *See e.g., Saunders v. SmithKline Beecham*, No. 91–0333, 1991 WL 125409 (E.D.Pa. June 28, 1991) (summary judgment granted in favor of defendant-employer due to exclusivity provision of the WCA); *Glickstein v. Consolidated Freightways*, 718 F.Supp. 438 (E.D.Pa. 1989) (pendent intentional infliction claim

of ADEA plaintiff dismissed based on exclusivity provision of the WCA).

Plaintiff does not respond to the above-cited cases. Instead, plaintiff advances two arguments in opposition to the applicability of the WCA's exclusivity bar. Plaintiff claims that her intentional infliction cause of action is somehow not barred because "the Workmen's Compensation Act is applicable only to acts in furtherance of the employer/employee relationship [and] Defendant's act in discharging Plaintiff was clearly not in furtherance of the employer/employee relationship." (Plaintiff's Response, p. 2.) Plaintiff also argues that her emotional distress does not constitute an "injury" compensable under the WCA, and therefore, the WCA's exclusivity provision is inapplicable. Case law and common sense compel the rejection of these arguments.

First, numerous courts have held that intentional infliction claims arising out of the termination or discharge of employees are barred absolutely by the WCA. *See e.g., Sibley v. Faulkner Pontiac–GMC, Inc.*, No. 89–7303, 1990 WL 116226 (E.D.Pa. August 8, 1990) (plaintiff's claim that defendant-employer "in terminating her employment ... intended to, and did cause her emotional distress" dismissed on the grounds that it was barred by the exclusivity provision of the WCA); *Murr v. National Computer Systems, Inc.*, No. 88–5833, 1988 WL 132472 (E.D.Pa. December 8, 1988) (plaintiff's claim that defendant-employer "discharged him with the intent to inflict emotional distress" dismissed "because the Pennsylvania Workmen's Compensation Statute provides the exclusive remedy for such injury").

Plaintiff's second argument—that her "mere emotional distress" does not constitute an "injury" compensable under the WCA because it does not rise to the level of "mental illness"—also fails. In support of her argument plaintiff cites two cases, neither of which stands for the elevated standard she seeks to impose.[2] An exami-

---

**2.** Plaintiff also cites *Federal Rice Drug Co. v. Queens Ins. Co. of America,* 463 F.2d 626 (3d

Cir.1972) for the proposition that "emotional stress does not constitute an accident under the

nation of the cases cited by plaintiff reveals that the term "mental illness" is used generically by the courts simply as a convenient way to describe psychic distress. *Beradelli v. W.C.A.B.*, 134 Pa.Cmwlth. 450, 578 A.2d 1016, 1017 (1990), *appeal denied*, 527 Pa. 625, 592 A.2d 46 (1991) ("spontaneous crying outbursts and attacks of anxiety"); *Andrachi v. W.C.A.B.*, 96 Pa. Cmwlth. 613, 508 A.2d 624, 625 (1986) ("nervous tension plus a very marked letdown feeling").[3]

By using the phrase "mental illness" out of the context of the cases in which it appears, plaintiff apparently hopes to conjure up images of mental injuries so great that they require institutionalization. This court finds no support for this position. Pennsylvania courts had never required this sort of mental illness in order to find that an injury is compensable under the WCA. Rather, the term "injury" has encompassed any diagnosed psychic distress, regardless of its severity. *See e.g.*, *Archer v. W.C.A.B.*, 138 Pa.Cmwlth. 309, 587 A.2d 901, 903 (1991) (depression and anxiety compensable under the WCA); *Borough of Norwood v. W.C.A.B.*, 114 Pa.Cmwlth. 157, 538 A.2d 143 (1988), *appeal denied*, 519 Pa. 661, 546 A.2d 622 (1988) (chronic post-traumatic stress disorder compensable under the WCA); *Bell Telephone Company of Pennsylvania v. W.C.A.B.*, 87 Pa.Cmwlth. 558, 487 A.2d 1053 (1985) (depressive reaction compensable under the WCA); *McDonough v. W.C.A.B.*, 80 Pa.Cmwlth. 1, 470 A.2d 1099 (1984) (chronic and acute anxiety resulting from pressure and harassment suffered on the job compensable under the WCA).

Finally, plaintiff's argument that her mental injuries are much less severe than injuries properly compensable under the WCA rings false in the context of this litigation. Section 46 of the Restatement (Second) of Torts requires emotional distress so severe that "no ordinary man could be expected to endure it." (Comment j.) Therefore, any emotional distress not severe enough to be an injury compensable under the WCA would also not be severe enough to be compensable under § 46. Nonetheless, plaintiff wants it both ways. In support of her claim for intentional infliction of emotional distress, plaintiff alleges that she suffered from an "adjustment disorder with depressed mood ... which settled into a major depressive episode." (*See* Letter of Dr. Ruth I. Beach, attached as Exhibit A to Memorandum in Opposition.) In her attempt to circumvent the WCA's exclusivity provision, plaintiff attempts to downplay the severity of her condition by referring to "mere emotional distress." (Memorandum in Opposition, p. 8.) This court does not need to decide which of these statements accurately reflects plaintiff's mental condition because, in either case, plaintiff's depression and anxiety are no different from the depression and anxiety suffered by other employees whose claims have been barred by the WCA.

An appropriate order will follow.

### ORDER

AND NOW, this 16th day of April, 1992, upon consideration of the arguments of counsel made in support of, and in opposition to, defendant's motion for partial summary judgment filed on December 2, 1991 (the "Motion"),

---

Workmen's Compensation Act." (Memorandum in Opposition, pp. 8–9.) *Federal Rice Drug Co.* is of dubious authority in light of subsequent amendments to the WCA doing away with the "accident" requirement.

**3.** In fact, neither *Beradelli* nor *Andrachi* even attempted to define what degree of mental illness is required under the WCA. Instead, these cases focused on the causal connection between the injury and the employment, and attempted to determine whether the alleged injury was actually a subjective reaction to normal working conditions. With respect to those inquiries, *Beradelli* and *Andrachi* required unequivocal medical testimony to pinpoint the occurrence of the injury and its cause. Plaintiff appears to have confused this inquiry concerning causation with one concerning the degree of mental illness required. In this case, plaintiff has alleged an obvious and direct causal connection between her emotional distress and her employment. Therefore, causation is not at issue, and *Beradelli* and *Andrachi* are inapposite.

IT IS HEREBY ORDERED that the Motion is GRANTED, and judgment shall be and hereby is entered in favor of defendant Manpower, Inc. and against plaintiff Carol Gilmore as to Count III of the complaint.