J-A15007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEREE J. NORMAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRIAN A. WALL JR., MCCANN & WALL, LLC, | |
| Appellees | No. 3546 EDA 2018 |

Appeal from the Order Entered November 5, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  1810-04295

BEFORE:  BENDER, P.J.E., GANTMAN, P.J.E., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 23, 2019**

Appellant, Deree J. Norman, appeals *pro se* from the trial court's November 5, 2018 order, granting Mr. Norman's petition to proceed *in forma pauperis* ("IFP"), and dismissing his complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1).[1]  We affirm.

In its Pa.R.A.P. 1925(a) opinion, the trial court summarized the factual and procedural history of this matter as follows:

> [Mr. Norman] commenced this action against [Appellees], Brian A. Wall[] Jr., … and McCann & Wall, LLC[,] … by [c]omplaint. [Mr. Norman] contemporaneously filed a [p]etition to [p]roceed [IFP],

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] As discussed further *infra*, Rule 240(j)(1) provides that "[i]f, simultaneous with the commencement of an action…, a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action … if it is satisfied that the action … is frivolous."  Pa.R.C.P. 240(j)(1).

which was assigned to this court. As permitted under [Rule] 240(j)(1), the court reviewed the IFP [p]etition and the [c]omplaint.

The [c]omplaint sets forth a series of claims arising from [Appellees'] representation of [Mr. Norman].[2] It appears that [Mr. Norman's] allegations mainly originate from two incidents. First, [Mr. Norman] alleges that [Appellees] provided him inaccurate instructions that resulted in his insurance company failing to pay [his] claim.[3]

Second, [Mr. Norman] alleges that[,] because [Attorney] Wall was not licensed to practice law in the jurisdiction where a lawsuit would require filing, "the contractual agreement authored by [Appellees] was intentionally unlawful."[4] Specifically, the Complaint alleges, *inter alia*, the following:

> 28. [Attorney] Wall clearly informed [Mr. Norman] to provide an erroneous and[/]or invalid claim number to all perspective medical providers in pursuit of treatment for injuries [Mr. Norman] sustained during the March 20, 2016 automobile accident.
>
> 29. Having complied with [Attorney] Wall's instructions, several of [Mr. Norman's] medical expenses related to the

---

[2] Namely, Mr. Noman's complaint advances claims against Appellees for legal malpractice, fraud, breach of contract, harassment, and intentional infliction of emotional distress ("IIED").

[3] By way of background, Mr. Norman alleged in his complaint that he was involved in an automobile accident in Maryland on March 20, 2016. According to the complaint, Mr. Norman was driving a rented vehicle, when the at-fault driver rear-ended another car and that car, in turn, rear-ended Mr. Norman's vehicle. **See** Complaint, 10/31/2018, at ¶ 11(a), (c)-(e). As a result, Mr. Norman sustained injuries. **Id.** at ¶ 11(b). Both drivers of the other cars involved were New York residents. **Id.** at ¶ 11(d), (e).

[4] In more detail, Mr. Norman averred that, in November of 2016, he learned that Attorney Wall "was not properly licensed to litigate a [lawsuit arising from] a personal injury that occurred in Maryland in which the at-fault driver was a New York resident." Complaint at ¶ 17 (footnote omitted). Further, Mr. Norman claimed that "no other attorney at [Attorney Wall's] law firm was licensed in Maryland or New York...." **Id.** at ¶ 17(j).

March 20, 2016 automobile accident were denied due to the erroneous and[/]or invalid claim number.

30. [Mr. Norman's] medical providers resubmitted claims to [his] insurance provider for services rendered[;] however[,] the insurance provider has refused to retroactively honor claims that had been originally processed and[/]or denied by another insurance provider under an erroneous, invalid or any other claim number[.]

…

36. [Attorney] Wall fraudulently misrepresented his ability and[/]or qualifications to fully represent [Mr. Norman's] interest in a [matter stemming from a] personal injury that occurred in Maryland.

37. [Attorney] Wall subsequently impose[d] a fraudulent verbal addendum to a knowingly unlawful contract (fee agreement), which consisted of hiring out of state counsel.

> [a]. [Attorney] Wall's attempt to add a verbal addendum appeared necessary because [Attorney] Wall was not licensed to practice law in New York or Maryland. *(See: [Pa.R.P.C.] 1.16 which states – Comment: (1) A lawyer should not accept representation in a matter unless it can be performed competently, promptly, without improper conflict of interest and to completion. Ordinarily, a representation in a matter is completed when the agreed-upon assistance has been concluded. See [Pa.R.P.C.] 1.2(c).[)]*

38. [Mr. Norman] refused to stipulate to the verbal addendum unless a renegotiation of the fee agreement was enacted.

39. [Attorney] Wall refused to renegotiate, despite [Attorney] Wall's inability to legally represent [Mr. Norman] in the personal injury matter.

The court reviewed the [c]omplaint, in conjunction with the [p]etition to [p]roceed [IFP], and dismissed the action as frivolous. This appeal followed.

Trial Court Opinion ("TCO"), 1/28/2019, at 1-3 (footnote omitted; emphasis in original).

As mentioned by the trial court, Mr. Norman filed a timely notice of appeal from its order granting his petition to proceed IFP but nevertheless dismissing his complaint as frivolous under Rule 240(j)(1). The court did not order Mr. Norman to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he did not file one.

Mr. Norman raises the following issues on appeal, which we set forth *verbatim*, aside from substituting his name for the term Appellant:

> 1. Did the Trial Court fail to fully analyze, conceptualize and or comprehend that Pa R.P.C. §81.4 §§1.5(e) prohibits a Pennsylvania Attorney and or the members of his or her Law Firm, from hiring, without client consent, an Attorney from another Law Firm to file a lawsuit on behalf of said client, more specifically regarding an automobile accident where the at-fault driver is a resident of a state other than Pennsylvania and the accident occurred outside of Pennsylvania?
>
> 2. Did the Trial Court fail to fully analyze, conceptualize and or comprehend that the actions of Appellees' regarding representation of [Mr. Norman] without meeting the criteria of consent as described in the preceding question (Question 1) are violating 204 Pa R.P.C. §81.4 §§1.16 Comment (1) and the Court should not ignore and or shield the Appellees' from a meritorious complaint regarding said violation?
>
> 3. Did the Trial Court fail to fully analyze, conceptualize and or comprehend that the Appellees' intended to circumvent 204 Pa R.P.C. 81.4 §1.5(e) by including the cost to hire an Attorney from another Law Firm to file suit, as an expense to [Mr. Norman]?
>
> 4. Did the Trial Court fail to fully analyze, conceptualize and or comprehend that the actions of the Appellees' as described in the preceding questions (Question 1-3) led to a series of events that ultimately resulted in an actual loss to [Mr. Norman]?

5. Did the Trial Court fail to fully analyze, conceptualize and or comprehend that Appellees' misrepresentations facilitated, Professional Legal Malpractice (Negligence), Fraud (Misrepresentation), Willful Breach of Contract (Intentional), Harassment (Intimidation) and Intentional Infliction of Emotional Distress (Outrageous Intentional Recklessness).

6. Did the Trial Court err in its unsupported determination that [Mr. Norman's] acknowledgment of poverty was untrue or that the action he pursued was frivolous.

7. Did the Trial Court inadvertently deny [Mr. Norman] his First Amendment right, for a redress of grievances?

Mr. Norman's Brief at 1-2.

Though he raises seven issues, the crux of Mr. Norman's appeal is that the trial court erred in determining that his complaint was frivolous under Rule 240(j)(1), for failure to state a claim upon which relief can be granted. "Appellate review of a decision dismissing an action pursuant to [Rule] 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." **Bell v. Mayview State Hosp.**, 853 A.2d 1058, 1060 (Pa. Super. 2004) (citation omitted). Rule 240(j)(1) provides:

(j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1). The note to that rule states that "[a] frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" **Id.** at Note (citation and internal quotation marks omitted). Moreover, under Rule 240(j)(1), "an action is frivolous if, on its face, it does

- 5 -

not set forth a valid cause of action." **Bell**, 853 A.2d at 1060 (citations and internal quotation marks omitted).[5] As we conduct our review, we keep in mind that a *pro se* complaint should not be dismissed pursuant to Rule 240 "simply because it is not artfully drafted." **Id.** (citation omitted). At the same time, however, we remain cognizant that "Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim." **See Lerner v. Lerner**, 954 A.2d 1229, 1235 (Pa. Super. 2008); **see also** Pa.R.C.P. 1019(a) ("The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.").

First, Mr. Norman argues on appeal that the trial court erred in determining that he did not meet all the criteria to establish his cause of action

---

[5] This Court has described the importance of Rule 240(j) as follows:

> The purpose of granting [IFP] status to indigent litigants is to enable them to access the court system without having to pay the costs normally associated with court proceedings. As society grows more litigious and economic resources become more scarce, it is increasingly important that both litigants and courts act responsibly. An individual seeking to proceed [IFP], thus requesting to have court costs paid for from funds provided to this Commonwealth by its taxpayers, has a responsibility to present a valid cause of action. To hold otherwise would violate Rule 240(j) and would display a blatant disregard for the notion of judicial economy. Courts should not allow a litigant seeking [IFP] status to use the court's time and the taxpayer's money to support a frivolous claim.

**Conover v. Mikosky**, 609 A.2d 558, 560 (Pa. Super. 1992).

- 6 -

for legal malpractice. Problematically, his argument is devoid of discussion and analysis of relevant authority regarding legal malpractice and its elements. As Appellees accurately argue, Mr. Norman's brief "amounts to a recitation of the facts set forth in his [c]omplaint, his subjective expressions of his own dissatisfaction, and a few stray citations to irrelevant Rules of Professional Conduct. [T]here are no references to any relevant legal authority concerning either his various causes of action or the [t]rial [c]ourt's findings that the [c]omplaint failed to state a claim...." Appellees' Brief at 8. Consequently, we deem this argument waived. **See Coulter v. Ramsden**, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. … Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. … This Court will not act as counsel and will not develop arguments on behalf of an appellant.") (citations and quotation marks omitted).

Nevertheless, even if not waived, we would agree with the trial court that Mr. Norman failed to state a claim for legal malpractice. The elements for a legal malpractice claim are: "1. The employment of the attorney or other basis for duty; 2. The failure of the attorney to exercise ordinary skill and knowledge; and 3. That such negligence was the proximate cause of damage to the plaintiff." **Heldring v. Lundy Beldecos & Milby, P.C.**, 151 A.3d 634, 641 (Pa. Super. 2016) (citation omitted). As Appellees discern, Mr. Norman

"failed to allege any facts that, if true, would prove that Appellees did in fact provide the wrong claim numbers; that this was the reason for the denial of his claims; and that but for the alleged (if insufficiently pled) negligence, he would have recovered." Appellees' Brief at 10; *see also* TCO at 4 ("[Mr. Norman] fails to set forth sufficient facts to establish that [Appellees] did, in fact, provide the wrong claim numbers and that this act was the reason the insurance company failed to pay the claims."). Accordingly, we would conclude that Mr. Norman failed to set forth a cause of action for legal malpractice.

Second, Mr. Norman contends that the trial court wrongly determined that he failed to state a claim for fraud. Again, his argument lacks any discussion or analysis of relevant authority regarding the elements of fraud. *See Coulter*, *supra.* Thus, we also deem this issue waived.

Notwithstanding waiver, we would conclude that Mr. Norman failed to state a claim for fraud. "To prove fraud, a plaintiff must establish, by clear and convincing evidence, the following six elements: (1) a representation; (2) which is material; (3) made falsely with knowledge of its falsity or reckless indifference to its truth; (4) with the intent to mislead another; (5) justifiable reliance on that misrepresentation; and (6) resulting injury." *Bell*, 853 A.2d at 1062 n.5 (citation omitted). We also note that "[a]verments of fraud … shall be averred with particularity." Pa.R.C.P. 1019(b). Here, in his complaint, Mr. Norman averred that Attorney Wall "fraudulently misrepresented his ability and[/]or qualifications to fully represent [Mr. Norman's] interest in a

[matter arising from] a personal injury that occurred in Maryland." Complaint

at ¶ 36. Appellees argue:

> As the [t]rial [c]ourt observed, … [Mr. Norman's] [c]omplaint
> lacked any facts (let alone any pled with sufficient particularity) to
> support a claim that Appellees materially misrepresented anything
> regarding their legal representation, pointing out (for example)
> that Appellees could have petitioned for admission *pro hac vice* in
> the jurisdiction where the underlying case would have to be
> brought. The [t]rial [c]ourt further observed that the facts alleged
> in the [c]omplaint, even if proven, would not establish that [Mr.
> Norman] justifiably relied on any such misrepresentations to his
> detriment, causing him any harm, because he had sufficient time
> to retain other counsel to represent him while his claim was still
> ripe.[2] In fact, [Mr. Norman's] claim was still timely when he
> commenced this legal malpractice action and, indeed, was still
> timely even when he filed his [b]rief in this appeal.
>
> > [2] As [Mr. Norman] admits in his [c]omplaint, the statute of
> > limitations for personal injury claims in Maryland is three
> > years. Thus, the statute of limitations on his claim resulting
> > from the March 20, 2016 accident did not run until March
> > 20, 2019. [Mr. Norman] therefore knew, at least as early
> > as October 31, 2018 (the date his [c]omplaint was filed), if
> > not sooner, that the statute of limitations on his claim would
> > not run for nearly five months. His failure to file a claim in
> > that timeframe, let alone in the year-plus since his file was
> > returned to him on Jan[uary] 8, 2018, remains unexplained.

Appellees' Brief at 11-12 (internal citation omitted); *see also* TCO at 6 ("[Mr.

Norman] fails to allege with particularity how [Attorney] Wall made a material

misrepresentation as to his ability to represent [Mr. Norman] in this matter.

… [Mr. Norman] fails to allege how he justifiably relied on a misrepresentation.

… [Mr. Norman] fails to allege a resulting injury, as he had adequate time to

seek other counsel, if he so chose, prior to the running of the statute of

limitations."). We would agree, and ascertain that Mr. Norman failed to set

forth a claim for fraud.

Third, Mr. Norman asserts that the trial court erred in ruling that he failed to plead a claim for harassment against Appellees. Again, he sets forth no meaningful, legally supported argument on this issue. Thus, it is waived. *See Coulter*, *supra.* However, even if not waived, we would still not grant Mr. Norman any relief. The trial court explained:

> [Mr. Norman] states that "[Attorney] Wall repeatedly sent the same two cryptic letters over the course of fifteen (15) months alluding to having no knowledge of [Mr. Norman's] position...[.]" However, it is unclear which civil statute [Mr. Norman] attempts to sue under, as there is no civil harassment statute in Pennsylvania. [Mr. Norman] fails to cite to any harassment statute in his [c]omplaint. There is a criminal harassment statute found at 18 Pa.C.S.[] § 2709; however, this [c]ourt has no jurisdiction over such a claim. To that end, [Mr. Norman] fails to state a claim upon which relief can be granted.

TCO at 7; *see also* Appellees' Brief at 12 ("[T]here is no civil cause of action for harassment recognized under Pennsylvania law.") (citations omitted). We agree. In fact, Mr. Norman seems to acknowledge that there is no civil harassment statute in Pennsylvania. *See* Mr. Norman's Brief at 12 ("Given that there is no civil harassment statute in Pennsylvania[,] the determination of civil relief is subjective and should only be determined after hearing from both sides at trial."). Thus, no relief is due on this basis.

Fourth, Mr. Norman says the trial court erred in determining that he did not state a claim for breach of contract. To support this claim in his complaint, he merely averred that Attorney Wall "knowingly and wantonly entered into a contract he knew he could not legally bring to fruition. [Attorney] Wall's lack of licensing in Maryland or New York clearly prohibited his ability to fully and

properly represent [Mr. Norman] in regard to [his] March 20, 2016 automobile accident." Complaint at ¶ 54. Again, we deem this issue waived as Mr. Norman provides no developed argument on the legal requirements for establishing a breach of contract. *See Coulter*, *supra.*

Yet, even if not waived, we would concur with the trial court that he failed to state a claim for breach of contract. "It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) (citation omitted). Appellees advance that:

> [T]he averments in the [c]omplaint and exhibits thereto prove that [Mr. Norman], not Appellees, refused to proceed with legal representation after learning that Appellees were not licensed in Maryland. Additionally, however, [Mr. Norman] fails to argue how or why this allegation — even if true — constitutes a breach of his agreement with [Appellees] for legal representation. Further, even accepting all of [Mr. Norman's] allegations to be true, he still fails to show that he suffered any provable damages that resulted from the alleged breach of contract [as he had time to file a claim before the statute of limitations ran].

Appellees' Brief at 14; *see also* TCO at 9 (observing that Mr. Norman "fails to allege how [Appellees] breached the contract. Rather, it appears that [Mr. Norman] refused to proceed under the parties' contract upon learning that [Attorney] Wall was not licensed to practice in Maryland"). Again, we agree. Therefore, we would conclude that Mr. Norman failed to state a claim for breach of contract.

Last, Mr. Norman challenges the trial court's dismissing his cause of action for IIED.  He again fails to cite to any relevant legal authority to support his position.  Therefore, this issue is waived.  ***See Coulter, supra***.

However, even if not waived, we would conclude that Mr. Norman failed to state a claim for IIED.  "To prove a claim of [IIED], the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe."  ***Hoy v. Angelone***, 691 A.2d 476, 482 (Pa. Super. 1997) (citations omitted). "Outrageous or extreme conduct has been defined by the appellate courts of this Commonwealth as conduct that is so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society."  ***Swisher v. Pitz***, 868 A.2d 1228, 1230 (Pa. Super. 2005) (citations omitted).  This Court has observed:

> Cases which have found a sufficient basis for a cause of action of intentional infliction of emotional distress have … presented only the most egregious conduct.  ***See***[,] ***e.g.***, ***Papieves v. Lawrence***, … 263 A.2d 118 ([Pa.] 1970) (defendant, after striking and killing plaintiff's son with automobile, and after failing to notify authorities or seek medical assistance, buried body in a field where [it was] discovered two months later and returned to parents…); ***Banyas v. Lower Bucks Hospital***, … 437 A.2d 1236 ([Pa. Super.] 1981) (defendants intentionally fabricated records to suggest that plaintiff had killed a third party which led to plaintiff being indicted for homicide); ***Chuy v. Philadelphia Eagles Football Club***, 595 F.2d 1265 (3d Cir. 1979) (defendant's team physician released to press information that plaintiff was suffering from fatal disease, when physician knew such information was false).

***Swisher***, 868 A.2d at 1231 (citation omitted). Moreover, "[w]ith regard to the element of outrageousness, it is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery." ***Id.*** (citation omitted).[6]

> In the case at bar, the trial court ascertained:
>
> Here, [Mr. Norman] fails to indicate how [Appellees'] conduct was extreme and outrageous. [Mr. Norman] states, "[Attorney] Wall intentionally held original documents while imposing an unenforceable lien while repeatedly declaring that the statute of limitations in relation to [Mr. Norman's] March 20, 2016 [a]utomobile accident expired in March of 2018[. ... Appellees] knew or should have a reasonable expectation to know that his actions would cause [Mr. Norman] harm." [Complaint at ¶¶ 59, 61.] The alleged behavior falls short of the "extreme and outrageous" conduct standard.... Furthermore, [Mr. Norman] fails to allege how such behavior caused him severe emotional distress.

TCO at 8. We agree that the actions alleged by Mr. Norman are not extreme and outrageous. Accordingly, we would conclude that Mr. Norman failed to state a cause of action for IIED. Based on the foregoing, we affirm the trial court's order dismissing Mr. Norman's complaint as frivolous under Rule 240(j)(1).[7]

---

[6] In ***Swisher***, this Court determined that the trial court did not err by granting the defendant's preliminary objections because the plaintiff did not state a cause of action for IIED, as a matter of law, where the "alleged actions were not outrageous for purposes of the tort of [IIED]." ***Swisher***, 868 A.2d at 1231.

[7] We comment that the trial court should not have granted Mr. Norman's petition to proceed IFP. Rule 240(j)(i) empowers the trial court to dismiss the action *prior to acting upon* the IFP petition. However, because neither party challenges the trial court's granting Mr. Norman's petition to proceed IFP, we will not vacate the trial court's order in that respect.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/23/19</u>