J-S17014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TONY R. HARPER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DORINA VARNER, CHIEF GRIEVANCE OFFICER IN HER OFFICIAL AND PERSONAL CAPACITY, UNIT MANAGER BEARJAR IN HIS OFFICIAL AND PERSONAL CAPACITY | |
| Appellees | No. 1250 WDA 2015 |

Appeal from the Order July 13, 2015
In the Court of Common Pleas of Somerset County
Civil Division at No(s): 394 CIVIL 2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 28, 2016**

Appellant, Tony R. Harper, appeals *pro se* from the order entered in the Somerset County Court of Common Pleas, which denied Appellant's petition to proceed *in forma pauperis* ("IFP") and dismissed his complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1).  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant is an inmate currently incarcerated at SCI—Laurel Highlands.  On January 29, 2015, Appellant filed an inmate grievance ("Grievance No. 548992") in which he asked prison staff to move his bed away from the wall. Specifically, in Grievance No. 548992, Appellant complained the placement

_____

*Former Justice specially assigned to the Superior Court.

of his bed interfered with his ability to get restful sleep because other inmates would throw items on his bed. On February 10, 2015, Appellant filed a second inmate grievance ("Grievance No. 550792") in which he complained prison staff failed to pick up his time-sensitive mail in a timely fashion. In Grievance No. 550792, Appellant specifically alleged he placed his mail in the collection box at 3:45 a.m., and prison staff failed to pick it up until the following day.

On February 17, 2015, prison officials issued a denial of Grievance No. 548992, which explained that Appellant's current cell placement was due to his medical needs. On February 19, 2015, Mr. Bearjar ("Appellee Bearjar"), a Unit Manager at SCI—Laurel Highlands, issued a denial of Grievance No. 550792, which explained that if Appellant deposited his mail at 3:45 a.m., prison staff might not mail it until the following day due to the prison's mail collection policy. Appellant appealed to the facility manager, who affirmed the denial of both grievances. Appellant then filed a final appeal to Dorina Varner ("Appellee Varner"), the Chief Grievance Officer of the State Office of Inmate Grievance Appeals ("SOIGA"), who upheld the denials of Grievance Nos. 548992 and 550792 on April 19, 2015 and April 21, 2015, respectively.

Appellant subsequently filed a civil complaint against Appellees in which Appellant asserted the prison's failure to fix his bed issue constituted cruel and unusual punishment in violation of the Eighth Amendment. Appellant's complaint also alleged the prisons' mail collection policy violated

Appellant's due process rights. On July 8, 2015, Appellant submitted a petition to proceed IFP. On July 14, 2015, the court denied Appellant IFP status and dismissed Appellant's complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1). Appellant timely filed a notice of appeal on July 24, 2015. On August 4, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on August 28, 2015.

Appellant raises the following issues for our review:

> DID THE [TRIAL] COURT ERR[] IN DISMISSING THE COMPLAINT WITHOUT GIVING APPELLANT A CHANCE [TO] CORRECT THE CONTENT[?]
>
> DID THE UNIT MANAGER BEARJAR OVERSTEP HIS AUTHORITY WHEN HE CHANGED THE TIME WHEN LEGAL MAIL GOES OUT THE JAIL[?]
>
> IS A PRISONER DENIED A RESTFUL SLEEP WHEN TRAFFIC IS WALKING BACK AND FORTH IN FRONT OF HIS BED[?]
>
> WHEN THE U.S. MAIL IS COLLECTED AT 6:00 A.M. EVERY MORNING, SINCE BEING LOCATED AT SCI[—]LAUREL HIGHLANDS, AND THAT POLICY IS CHANGE[D] [SO] THAT THE MAIL IS COLLECTED AT 12:00 ONE NIGHT, THEN AT 10:00 THE NEXT NIGHT; 3:00 THE NEXT NIGHT, WOULD YOU NOT ASSUME THAT AN OFFICIAL IS PLAYING WITH THE OUTGOING MAIL[?]
>
> DID THE [TRIAL] COURT ERR[] WHEN [IT] TOOK [APPELLEES'] SIDE WHEN THEY DID NOT HAVE [A] CHANCE TO REVIEW THE EXHIBITS SUPPORTED BY [APPELLANT]?

(Appellant's Brief at 4).

Preliminarily, we observe:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in Pennsylvania Rules of Appellate Procedure. *Id.* Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Wilkins v. Marsico,*** 903 A.2d 1281, 1284-85 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007) (some internal citations omitted).

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111.  Brief of the Appellant**

**(a)  General Rule.**—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1)  Statement of jurisdiction.

(2)  Order or other determination in question.

(3)  Statement of both the scope of review and the standard of review.

(4)  Statement of the questions involved.

(5)  Statement of the case.

(6)  Summary of argument.

(7)  Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for appellant.

(9)    A short conclusion stating the precise relief sought.

(10)  The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11)  In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a).  Additionally, Rule 2119(a) provides:

**Rule 2119.  Argument**

**(a)    General rule.**  The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Importantly:

The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities.  This Court will not consider the merits of an argument, which fails to cite relevant case or statutory authority.  Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley,* 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013) (internal citations and quotation marks omitted).

As an equally important matter, Rule 240(j)(1) of the Pennsylvania

- 5 -

Rules of Civil Procedure provides:

**Rule 240.  In Forma Pauperis**

\* \* \*

(j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue **or if it is satisfied that the action, proceeding or appeal is frivolous.**

> *Note:* A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Pa.R.C.P. 240(j)(1) (emphasis added) and *Note*.  "Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to…whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." ***Bell v. Mayview State Hosp.***, 853 A.2d 1058, 1060 (Pa.Super. 2004).

Section 1983 in pertinent part provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  …

42 U.S.C.A. § 1983. To prevail on a claim under Section 1983, a plaintiff must establish the violation of some cognizable federal right by state action or action under color of law. ***Balent v. City of Wilkes-Barre,*** 542 Pa. 555, 565, 669 A.2d 309, 314 (1995). Prisoners have a right of access to the courts. ***Lewis v. Casey***, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Importantly, a prison's policy does not violate this right, unless an inmate suffers an actual injury to his ability to litigate a claim. ***Id.*** at 352-53, 116 S.Ct. at 2180, 135 L.Ed.2d at ___. An actual injury occurs when a prison's actions hinders an inmate's ability to pursue a non-frivolous, arguable legal claim. ***Christopher v. Harbury***, 536 U.S. 403, 415, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413, ___ (2002).

Moreover, an inmate in Pennsylvania does not have the right to be housed in a particular facility or in a particular area within a facility. 37 Pa. Code § 93.11(a). Significantly, "prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference." ***Bronson v. Central Office Review Committee,*** 554 Pa. 317, 321, 721 A.2d 357, 358 (1998). Prison rules and regulations are presumptively valid unless a prisoner proves otherwise. ***Overton v. Bazzetta,*** 539 U.S. 126, 132, 123 S.Ct 2162, 2168 156 L.Ed.2d 162, ___ (2003).

Instantly, Appellant is *pro se* on appeal, and his appellate brief falls woefully short of the requisite standards. Specifically, Appellant's brief lacks

a statement of jurisdiction, a statement of both the scope of review and standard of review, and a summary of the argument. **See** Pa.R.A.P. 2111(a)(1), (3), and (6). Also, Appellant failed to divide his argument section into distinct parts for each of his five issues raised on appeal. **See** Pa.R.A.P. 2119(a). Further, Appellant's brief presents no cogent argument for his issues raised on appeal and includes only extraneous legal citations that do not support his contentions. **See In re Estate of Whitley, supra**. Appellant's argument is merely a string of conclusory statements and vague references to constitutional rights, which makes review of Appellant's issues difficult if not impossible. The substantial defects in Appellant's brief arguably preclude meaningful review and constitute sufficient grounds for this Court to suppress his brief and dismiss the appeal.

Furthermore, the court reasoned as follows:

> Upon review of the [c]omplaint we were unable to identify a plausible cause of action based on the facts. While Appellant characterizes [Appellees] actions [as in violation] of the Constitution, he fails to identify in any fashion a precise constitutional violation performed by the Appellees under color of state law which forms the basis of a [Section 1983] claim.

> The failure of the Department of Corrections to place his bed in a location which was better conducive to his sleep is not a constitutional violation. It certainly does not amount to cruel and unusual punishment.

> \* \* \*

> Similarly, no inmate has a constitutional right to have the inmate mail picked up at a certain time of the day or night to accommodate his personal mailing.

- 8 -

> Finally, there is no suggestion that Appellee Varner…did anything more than review the appealed grievance and make a decision in denial. This does not amount to the personal involvement requirement for a [Section 1983] claim.
>
> [Because] the [c]ourt could not find under any version of the facts that a constitutional violation occurred, the in forma pauperis petition was denied pursuant to Pa.R.C.P. 240(j)(1) as having no arguable basis under law or fact.

(**See** Trial Court Opinion, filed October 19, 2015, at 3-4) (internal citations omitted). The record supports the court's conclusion that Appellant's complaint failed to raise a cognizable claim under Section 1983. **See Bell, supra**. Therefore, aside from the defects in Appellant's brief which are arguably fatal to his claims, we conclude the court properly dismissed Appellant's complaint as wholly frivolous pursuant to Pa.R.C.P. 240(j)(1). Accordingly, we affirm.

Order affirmed.

Shogan, J. joins this memorandum.

Fitzgerald, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2016