**Brian T. BELL, Appellant**

v.

**MAYVIEW STATE HOSPITAL; Dr. Gary Gallucci, Psychiatrist; et. al., Allegheny County Behavior Clinic of Allegheny County; Dr. Martone, Appellees**

Superior Court of Pennsylvania.

Submitted April 19, 2004.
Filed June 24, 2004.

Brian T. Bell, appellant, pro se.

Kemal A. Mericli, Pittsburgh, for Mayview, appellee.

Before: JOYCE, ORIE MELVIN, McCAFFERY, JJ.

ORIE MELVIN, J.:

¶ 1 Appellant, Brian Bell, appeals from the order of the trial court denying him *in forma pauperis* status and dismissing his complaint. After review, we agree with the disposition by the trial court and, therefore, affirm.

¶ 2 In June 2003, Appellant filed a complaint in the Allegheny County Court of Common Pleas against Mayview State Hospital, the Allegheny County Behavior Clinic, and various psychiatrists connected with those entities. In that complaint Appellant alleges generally that he underwent psychiatric evaluation prior to being sentenced in a criminal matter[1] and that a term of incarceration was thereafter imposed on October 3, 1994. He avers that the trial court relied on opinions contained in his psychiatric evaluation which were incorrect and "misdiagnosed and misprognosed" Appellant's mental status. *See* Complaint at pp. 3–11.[2] Appellant alleges

---

1. Appellant has not divulged the nature of his criminal conviction. He also does not directly challenge the trial court's authority to order such an evaluation, which we note is specifically permitted by our Sentencing Code as part of a presentence investigation. 42 Pa.C.S.A. § 9736.

2. Because Appellant begins each section of his complaint with a new paragraph no. 1, we

that he was given an unduly harsh sentence based on this misinformation, among other consequences.

¶ 3 Appellant's complaint purports to assert claims sounding in medical malpractice and defamation, as well as a third claim which appears to be a mixture of fraud and negligence. *Id.* at p. 2. The relief sought includes (1) a declaratory judgment that Appellees caused damage to Appellant; (2) injunctive relief to prevent any retaliatory action by the Appellees based upon this lawsuit; and (3) damages. More specifically, Appellant seeks compensatory damages of $150 per day between the date of his sentence, October 3, 1994, and March 31, 2004, a date without apparent significance. Complaint at p. 5. He also seeks punitive damages of $200 million. *Id.*

¶ 4 In addition to filing his complaint, Appellant also sought to proceed *in forma pauperis* (IFP) apparently based upon his lack of financial resources as a prison inmate. Pursuant to Pa.R.C.P. 240(j), 42 Pa.C.S.A., the trial court determined that Appellant's claims were frivolous and denied his request for IFP status and dismissed his complaint. This timely appeal followed, wherein Appellant essentially contends the trial court abused its discretion in refusing to permit him to proceed with this action.

■ ■ ¶ 5 Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *McGriff v. Vidovich,* 699 A.2d 797, 798 n. 2 (Pa.Commw.1997), *appeal denied,* 553 Pa. 693, 717 A.2d 1030 (1998). Rule 240 provides for a procedure by which a person who is without the financial resources to pay the costs of litigation may proceed *in forma pauperis.* Pa.R.C.P. 240, 42 Pa.C.S.A. Subsection (j) thereof describes the obligation of the trial court when a party seeks to proceed under this Rule:

> (j) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j), 42 Pa.C.S.A. "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Id.* at Note (quoting *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Under Rule 240(j), an action is frivolous "if, on its face, it does not set forth a valid cause of action." *McGriff, supra,* at 799 (citing *Keller v. Kinsley,* 415 Pa.Super. 366, 609 A.2d 567 (1992)). As we review Appellant's complaint for validity under Rule 240, we are mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted. *Hill v. Thorne,* 430 Pa.Super. 551, 635 A.2d 186 (1993).

¶ 6 As noted above, Appellant alleges that the psychiatric evaluation conducted prior to his October 1994 sentence was based on incorrect medical opinions. Specifically, he asserts that the evaluating psychiatrists opined that he suffered from a lack of impulse control and poor judgment and that he required ongoing medication to correct these deficiencies. Com-

shall refer to the pages of the complaint, as well as the paragraph number where applica-

ble.

plaint ¶ 2, pp. 6–7. He further avers that the trial court imposed an unjust and overly harsh sentence based solely on these expert opinions and that the defendant psychiatrists thus assisted the Commonwealth in his prosecution and conviction. *Id.* at ¶¶ 2–3 pp. 6–7. Appellant also alleges that he discontinued his medications at some unspecified time with no detrimental consequences on his behavior in prison. *Id.* at ¶ 4 p. 7. Additionally, Appellant asserts that in April 2003 he was subject to another psychiatric evaluation which revealed no mental health problems. *Id.* at ¶ 9 p. 8. Based on the foregoing, Appellant claims he was deprived of certain constitutional rights and sustained damage to his reputation, and, in addition, his long prison sentence prevented him from being home to protect his daughter from becoming a victim of a sexual assault.[3]

 ¶ 7 Against these factual assertions we proceed to examine Appellant's claims for relief. The first presents a theory of medical malpractice.

> In order to establish a *prima facie* cause of action for medical malpractice, a plaintiff must demonstrate that "(1) the physician owed a duty to the patient; (2) the physician breached that duty; (3) the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient, and (4) the damages suffered by the patient were the direct result of that harm."

*Masgai v. Franklin,* 787 A.2d 982, 985 (Pa.Super.2001)(quoting *Billman v. Say-* lor, 761 A.2d 1208, 1211–12 (Pa.Super.2000)).

¶ 8 We first observe that Appellant has not averred the existence of a physician-patient relationship which would impose any duty to him on the part of Appellees. Even assuming *arguendo* that Appellant has sufficiently alleged that Appellees owed some duty to him at the time of his 1994 evaluation,[4] we also find he has utterly failed to assert any breach by his evaluating psychiatrists. Instead, Appellant merely surmises that Appellees made incorrect assessments of his mental health in 1994 because a different evaluation yielded contrary results some nine years later in 2003. Moreover, Appellant does no more than baldly assert that Appellees' opinions caused him to receive an excessive sentence. It is patently clear that Appellant has failed to state a cause of action for medical negligence.

 ¶ 9 Appellant also attempts to assert a claim for defamation. "A *prima facie* case for defamation requires the plaintiff to plead the following: (1) the defamatory character of the communication; (2) publication of the communication to a third party; (3) the communication refers to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury." *Brown v. Blaine,* 833 A.2d 1166, 1173 n. 14 (Pa.Commw.2003)(citing 42 Pa.C.S.A. § 8343). Our review finds that Appellant has not made factual averments which establish such a *prima facie* case. "Whether a challenged statement is capable of de-

---

3. Appellant does not state when this assault allegedly occurred, although he avers that the perpetrator pleaded guilty to a number of offenses including indecent assault in September 2002. Complaint ¶ 16, pp. 11–12.

4. *See Craddock v. Gross,* 350 Pa.Super. 575, 504 A.2d 1300 (1986)(observing that it is the physician-patient relationship which gives

rise to a duty of care, and refusing to extend that duty to a physician retained by the plaintiff's employer in defending a worker's compensation claim); *see also Althaus v. Cohen,* 562 Pa. 547, 756 A.2d 1166 (2000)(explaining the factors for a court to consider in deciding whether a duty exists, examined within the context of general rules as to whom the duty is owed in a physician-patient relationship).

famatory meaning is a question of law for the court to determine in the first instance." *Feldman v. Lafayette Green Condominium Assoc.*, 806 A.2d 497, 500 (Pa.Commw.2002). A communication may be considered defamatory if it tends to harm the reputation of another so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her. *Id.* A statement of mere opinion is not defamatory. *Id.* Based upon our review, we have no hesitation in concluding that Appellant has failed to set forth a cause of action in defamation upon which relief may be granted.

 ¶ 10 Lastly, we turn to the mixed claim which appears to sound in fraud and negligence. We have already determined that Appellant may not proceed on a negligence theory. Similarly, we also conclude that the factual averments in his complaint fail to demonstrate any claim of fraud.[5]

¶ 11 In light of the foregoing, we are satisfied that Appellant's complaint is indeed frivolous as it does not set forth a valid cause of action. *McGriff, supra.* As such, the trial court properly dismissed this action in accordance with Pa.R.C.P. 240(j). We discern no error of law nor abuse of discretion.

¶ 12 Order affirmed.

---

5. To prove fraud, a plaintiff must establish, by clear and convincing evidence, the following six elements: (1) a representation; (2) which is material; (3) made falsely with knowledge of its falsity or reckless indifference to its truth; (4) with the intent to mislead another; (5) justifiable reliance on that misrepresentation; and (6) resulting injury. *Blumenstock v. Gibson*, 811 A.2d 1029, 1034 (Pa.Super.2002), *appeal denied*, 573 Pa. 714, 828 A.2d 349 (2003).