J. S41030/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DWAYNE ANDERSON | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN W. PERSON | : | |
| | : | No. 3757 EDA 2015 |

Appeal from the Order Entered September 16, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division No(s): August Term, 2015 No. 150803144

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                                  **FILED JUNE 21, 2016**

Appellant, Dwayne Anderson, appeals *pro se* from the September 16, 2015 Order entered in the Philadelphia County Court of Common Pleas dismissing his Complaint as frivolous pursuant to Pa.R.C.P. 240(j). After careful review, we affirm.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant has also filed a Motion for Court's Order seeking an Order to compel the Prothonotary of this Court to ensure that this Court's "decision be sent to [Appellant] the proper and traditional way, via U.S. Mail." Motion for Court's Order, 5/13/16, at 2. In the Motion, Appellant claims that he received a letter from this Court on April 19, 2016, notifying him that "the Court's decision in this appeal will be sent to [him] by e-mail only[,]" but that as an incarcerated individual, he does not have an e-mail address. ***Id.*** at 1. In fact, this Court's letter dated April 13, 2016 notified Appellant that *if* he has an e-mail address on the docket, the Court's decision in this appeal will be sent to him by e-mail only. Accordingly, Appellant's Motion for Court's Order is denied.

The trial court recounted the facts and procedural history as follows:

On August 25, 2015, [Appellant] commenced this action by Complaint. Contemporaneously with the filing of the Complaint, [Appellant] filed a Motion to Proceed *In Forma Pauperis*.

The Complaint alleges [Appellee] John Person is a Deputy Prothonotary for the Pennsylvania Supreme Court. In April 2015, [Appellant] filed a Petition for Writ of Mandamus in the Supreme Court, Eastern Division[ ] ; the Petition requested the Supreme Court use its mandamus authority to order the Philadelphia Court of Common Pleas to take certain actions in the matter of ***Dwayne Anderson v. Aramark Services, Inc.***, January Term 2015 No. 1750. By letter dated June 3, 2015, [Appellee] informed [Appellant] that if he wished to continue his Petition for Mandamus, he would need to serve it on all parties by no later than June 17, 2015, and provide to the Supreme Court the following: 1) a copy of [Appellant's] inmate account statement;[ ] 2) a certificate of service for the Petition for Writ of Mandamus; and 3) an Amended Petition for Writ of Mandamus containing the trial court docket number in ***Anderson v. Aramark***. [Appellant] alleges that on June 15, 2015, he sent a letter to [Appellee] providing a copy of his inmate account statement and explaining that he was unable to serve his Petition because prison officials denied him the ability to make copies. The Complaint alleges that on June 18, 2015, [Appellee] wrote [Appellant] a letter "[informing him], without reason(s) that his subject Mandamus Petition had been discontinued." Complaint at p. 2 (brackets in original).

[Appellant's] Complaint alleges the following causes of action: 1) discrimination; 2) violation of [Appellant's] rights under the Fourteenth Amendment to the United States Constitution; 3) denial of [Appellant's] right of access to the courts; 4) violation of [Appellant's] First Amendment rights; and 5) violation of [Appellant's] right to due process. Central to each of these causes of action is [Appellant's] allegation that [Appellee] treated him differently based on [Appellant's] status as an incarcerated individual. ***See*** Complaint at p.2 (stating "The described actions of [Appellee] constituted <u>discrimination</u> on the

basis of my status as an <u>incarcerated person</u>") (emphasis in original).

By Order docketed September 16, 2015, this [c]ourt dismissed [Appellant's] Complaint pursuant to Rule 240(j).

Trial Ct. Op., 1/8/16, at 1-2.

Appellant timely appealed from the Order dismissing his Complaint. The trial court did not order Appellant to file a Concise Statement of Matters Complained of on Appeal.

On appeal, Appellant claims the trial court erred in dismissing the underlying action. Appellant's Brief at 6. In support of this claim, Appellant argues that the trial court "made no findings of fact or conclusions of law to support his order of dismissal of this action as frivolous and that [his] action does not state a claim against [Appellee] under the First and Fourteenth Amendments to the United States Constitution." ***Id.***

"Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." ***Bell v. Mayview State Hospital***, 853 A.2d 1058, 1060 (Pa. Super. 2004).

Rule 240(j)(1) provides:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue

or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1). As the note to Rule 240(j)(1) explains, "[a] frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Id.* at Note (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)). Moreover, "an action is frivolous 'if, on its face, it does not set forth a valid cause of action.'" *Bell*, 853 A.2d at 1060 (quoting *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997)). "As we review Appellant's complaint for validity under Rule 240, we are mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted." *Id.*

The trial court offered the following explanation for dismissing Appellant's Complaint as frivolous:

> In this case, the Complaint alleges [Appellee] violated numerous of [Appellant's] constitutional rights and otherwise discriminated against [Appellant] based on [Appellant's] status as an incarcerated individual. However there are **absolutely no facts alleged to support this allegation**. (emphasis added). The Complaint implicitly alleges [Appellant] is an incarcerated individual, and that [Appellee] was aware [Appellant] was incarcerated; however, it does not allege any facts to show that [Appellant's] status as an incarcerated individual played a role in the decision to discontinue the case. Indeed, the Complaint explicitly states, [Appellee's] letter of June 18, 2015 informed [Appellant] "*without reason(s)*, that [his] subject Mandamus Petition has been discontinued." Complaint at p.2 (brackets and emphasis added by trial court). Furthermore, there are no factual allegations to support the conclusion that [Appellee] was the individual who caused [Appellant's] Petition to be marked discontinued; rather, the Complaint simply states

- 4 -

> that [Appellee] was the author of the June 18, 2015 letter. In the absence of an allegation that [Appellee] made the decision to discontinue [Appellant's] Petition, [Appellant's] Complaint appears to be nothing more than an attempt to shoot the proverbial messenger.

Trial Ct. Op. at 3.

The trial court dismissed Appellant's Complaint because it was frivolous in that it lacked sufficient factual allegations to support a discrimination claim. In merely stating baldly that the trial court failed to support its decision with adequate findings of fact or conclusions of law, Appellant fails to demonstrate how the court's frivolity determination requires reversal. As such, Appellant has not met his burden of convincing us that the trial court's decision was improper. *The York Grp., Inc. v. Yorktowne Caskets, Inc.*, 924 A.2d 1234, 1246 (Pa. Super. 2007) ("[T]he appealing party bears the burden of establishing that the trial court's decision is erroneous."). Accordingly, we affirm the order of the trial court.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2016

- 5 -