J-S52003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHARLES T. PICARELLA, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL McCARTHY | : | No. 104 MDA 2017 |

Appeal from the Order entered December 15, 2016
in the Court of Common Pleas of Northumberland County,
Civil Division, No(s): CV-16-2173

BEFORE: GANTMAN, P.J., LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 21, 2017**

Charles T. Picarella, Jr. ("Picarella"), *pro se*, appeals from the Order dismissing as frivolous his defamation action against Michael McCarthy ("McCarthy"). We affirm.

On June 19, 2016, the following letter to the editor, authored by McCarthy, was published in the News-Item, a newspaper circulated in Shamokin, Pennsylvania:

> Once again, convicted felon Charles Picarella, who's serving a lengthy sentence in state prison for his string of guilty pleas for illegal drug activities, is on his soap box. This time he's blathering about the use of confidential informants by law enforcement. His latest rant is as accurate as a Flat Earth Society newsletter.
>
> According to inmate Picarella, using confidential informants perpetuates the demand for drugs and is the root cause of drug suppliers. No, inmate Picarella, it's not informants, it's the loathsome, contemptible, evil sleaze bags selling this poison who are solely to blame. So why don't you take a hard look in the mirror?

Inmate Picarella whines and complains incessantly, but never once apologized to the victims of his criminal behavior and the families he destroyed. Nor has he offered viable solutions for anything. To him there's always somebody or something else to blame. His continual avoidance of responsibility for his destructive anti-social behavior is obvious, as is his lack of remorse. His failure to conform to a law-abiding society put him where he is today and will remain for a long time, thereby descending farther and farther into the black hole of irrelevance. So here's a challenge: Cut out your half-baked jailhouse know-it-all rhetoric and misconception of self-righteousness. Quit whining and start showing some character. Take responsibility for the staggering number of crimes documented in your lengthy criminal history, and admit that you're responsible for contributing to the misery and hopelessness of some of the shattered lives that are addicted to heroin and drifting aimlessly in the economically depressed Mount Carmel and Shamokin area you wrote about.

And since you seem to enjoy writing letters to newspapers, look inside yourself and see if you have the backbone and fortitude to write an open letter to The News-Item and make a public apology to the victims whose lives you helped destroy and their families. Include the honest law-abiding citizens whose tax dollars are being spent to keep criminals like you behind bars.

Man-up and do something productive for once.

Trial Court Opinion, 3/31/17, at 2-3 (unnumbered).

On December 14, 2016, Picarella filed a *pro se* defamation action against McCarthy. Picarella's Complaint averred that the letter falsely claimed that he had not taken responsibility or expressed remorse for his criminal conduct. Complaint, ¶¶ 10-13. The Complaint further averred that the publication of the letters darkened Picarella's reputation, constituted libel, and caused damage and injury to his reputation. ***Id.***, ¶¶ 14, 17.

Picarella sought $50,000 in compensatory damages, and additionally sought punitive damages.

Picarella filed a Petition for leave to proceed *in forma pauperis*. On December 15, 2016, the trial court entered an Order denying Picarella's Motion for leave to proceed *in forma pauperis*, and dismissing the Complaint as frivolous. Trial Court Order, 12/15/16, at 1. Thereafter, Picarella, *pro se*, filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Picarella presents the following claim for our review: "Did the [trial] [c]ourt err in dismissing this matter as frivolous [p]ursuant to Pa.R.C.[P.] 240(j)[?]" Brief of Appellant at 4.

Pennsylvania Rule of Civil Procedure 240(j) provides, in relevant part, as follows:

> **(1)** If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
>
> > Note: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

Pa.R.C.P. 240(j)(1).[1]

---

[1] As we review Picarella's Complaint, we are mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted. ***Bell v. Mayview State Hosp***., 853 A.2d 1058, 1060 (Pa. Super. 2004).

J-S52003-17

In its Opinion, the trial court addressed Picarella's claim and concluded that it lacks merit. **See** Trial Court Opinion, 3/31/17, at 2-4 (unnumbered). We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis. **See id.**

Order affirmed.

Judgment Entered.

_[signature]_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017

IN THE COURT OF COMMON PLEAS OF
NORTHUMBERLAND COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

CHARLES PICARELLA, JR.,       :
        PLAINTIFF       :
                            :       NO. CV-2016-2173
     vs.       :
                            :
MICHAEL McCARTHY,       :
        DEFENDANT       :

## **STATEMENT IN LIEU OF FORMAL OPINION**

SAYLOR, J.

      Plaintiff, Charles Picarella, Jr., initiated this action by filing a Complaint on December 14, 2016. On December 15, 2016, this court entered an Order pursuant to Pa.R.C.P. No. 240(j)(1) dismissing Plaintiff's Complaint as frivolous and lacking an arguable basis in law. Plaintiff filed a timely Notice of Appeal and on January 10. 2017. this court directed Plaintiff to file a concise statement of the matters complained of on appeal.

      Plaintiff in his 1925(b) statement contends this court erred by finding the Plaintiff's Complaint failed to state a valid claim as it lacked an arguable basis either in law or fact and thus, frivolous.

      Plaintiff's Complaint alleges one count of defamation pursuant to 42 Pa.C.S. § 8343. Specifically, Plaintiff alleges that Defendant's letter to the editor of a local newspaper has "darkened the reputation of Plaintiff". He further alleges he has suffered damage and injury in his name and reputation, "and has been brought into disgrace and disrepute among his neighbors and diverse other persons...". Pl's. Compl. Ex. C.

In an action for defamation it is the trial court's function to determine whether a challenged publication is capable of a defamatory meaning. *Green v. Mizner*, 692 A.2d 169, 172 (Pa. Super. 1997). A publication is defamatory if it tends to blacken a person's reputation in the community. *Id.* The court must view the statement "in context" and consider "the effect the statement is fairly calculated to produce, the impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate." *Remick v. Manfredy*, 238 F.3d 248, 260 (3d. Cir. 2001) (quoting *Baker v. Lafayette College*, 532 A.2d 399, 402 (Pa. 1987). Furthermore, an opinion cannot be defamatory unless it "may reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion". *Hill v. Cosby*, 665 Fed.Appx. 169, 174 (3d. Cir. 2016) (quoting *Baker*, supra).

The letter, as attached to Plaintiff's Complaint, states the following:

> To the editor: Once again, convicted felon Charles Picarella, who's serving a lengthy sentence in state prison for his string of guilty pleas for illegal drug activities, is on his soap box. This time he's blathering about the use of confidential informants by law enforcement. His latest rant is as accurate as a Flat Earth Society newsletter.
>
> According to inmate Picarella, using confidential informants perpetuates the demand for drugs and is the root cause of drug suppliers. No, inmate Picarella, it's not informants, it's the loathsome, contemptible, evil sleaze bags selling this poison who are solely to blame. So why don't you take a hard look in the mirror?
>
> Inmate Picarella whines and complains, incessantly, but never once apologized to the victims of his criminal behavior and the families he destroyed. Nor has he offered viable solutions for anything. To him there's always somebody or something else to blame. His continual avoidance of responsibility for his

destructive anti-social behavior is obvious, as is his lack of remorse. His failure to conform to a law-abiding society put him where he is today and will remain for a long time, thereby descending farther and farther into the black hole of irrelevance.

So here's a challenge: Cut out your half-baked jailhouse know-it-all rhetoric and misconception of self-righteousness. Quit whining and start showing some character. Take responsibility for the staggering number of crimes documented in your lengthy criminal history, and admit that you're responsible for contributing to the misery and hopelessness of some of the shattered lives that are addicted to heroin and drifting aimlessly in the economically depresses Mount Carmel and Shamokin area you wrote about.

And since you seem to enjoy writing letters to newspapers, look inside yourself and see if you have the backbone and fortitude to write an open letter to The News-Time and make a public apology to the victims whose lives you helped destroy and their families. Include the honest law-abiding citizens whose tax dollars are being spent to keep criminals like you behind bars.

Man-up and do something productive for once.

Michael J. McCarthy


In reviewing the letter authored by the Defendant, this court concludes the letter is not defamatory. Defendant's letter to the editor is merely an expression of his opinion of Plaintiff. Importantly, Plaintiff disclosed the factual basis for his opinion which is Plaintiff's criminal record. In Pennsylvania, "pure opinions" which are defined as statements that provide facts on which the opinion-holder basis his opinion, are not actionable. *Hill, supra.* Plaintiff is incarcerated in a state correctional institution for multiple felony drug offenses, facts which are of public record.[1] It is clear to this court that the communication is incapable of bearing a defamatory meaning given the fact that

---

[1] A review of the Northumberland County Clerk of Court public records illustrates Plaintiff's lengthy criminal record involving numerous felony drug convictions: CR-2002-213, CR-2002-1152, CR-2002-1286, CR-2005-1050, CR-2006-311, CR-2007-942, CR-2008-565, CR-2012-1258, and CR-2013-472.

Plaintiff is a convicted felon and Defendant's statements relate solely to Plaintiff's known, unlawful conduct. *Remick* at 260 (noting that "a publication is defamatory if it ascribes to another 'conduct, character or a condition that would adversely affect his fitness for the proper conduct of his lawful business, trade or profession'") (quoting Restatement (Second) of Torts § 573 (1977)). Accordingly, the appeal should be quashed.

BY THE COURT:

3/31/17
Date

_____
Charles H. Saylor, President Judge

cc:    Charles Picarella, Jr., #JD0020, SCI-Benner Twp, 301 Institution Dr., Bellefonte,
       PA 16823
       Michael McCarthy, 243 Stoner Rd., Mechanicsburg, PA 17055
       Law Clerk
       Court