J-S59001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JUSTIN M. CREDICO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| OFFICER ROMERO, OFFICER PEREZ, LT. MUSE, OFFICER QUINN, UNKNOWN REGIONAL DBP OFFICER AND IAN CONNORS, | |
| Appellees | No. 1017 EDA 2017 |

Appeal from the Order Entered February 3, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): January Term 2017 No. 3392

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED OCTOBER 24, 2017**

Appellant, Justin Credico, appeals *pro se* from the trial court's February 3, 2017 order, which dismissed his civil complaint against Appellees, who are federal prison officials, as frivolous under Pa.R.C.P. 240(j)(1).  We affirm.

The trial court summarized the procedural and factual background of this case, as follows:

> [Appellant] commenced this action by Complaint in January 2017.  The named Defendants are "ISM Officer Romero, ISM Officer Perez, ISM Officer Quinn, Lieutenant Muse, Unknown Regional BOP Official, and Ian Connors (BOP Central Offic.)."  Defendants Romero, Perez, Quinn, and Muse are alleged

_____

[*] Former Justice specially assigned to the Superior Court.

employees of the Federal Detention Center [(FDC)] in Philadelphia where [Appellant] is incarcerated. Defendant Connors is an alleged employee of the Bureau of Prisons Central Office in Washington, D.C.

[Appellant] contemporaneously filed a Petition to Proceed *In Forma Pauperis* ("IFP") with the Complaint. The IFP Petition was assigned to this court. As is allowed under Pa.R.C.P. 240(j)(1), this court reviewed the IFP Petition and the Complaint.

Under a heading labeled "Introduction[,"] the Complaint states '[t]his is a civil rights action filed by [Appellant], a detainee at FDC Philadelphia seeking damages and injunctive relief, alleging retaliation, tampering with mail, fraudulent misrepresentations, chilled speech, and falsified misconduct reporting, all in violation of the First Amendment and Fifth/Fourteenth Amendment of the Constitution." The section of the Complaint labeled "Facts" contains subheadings labeled "Retaliation," "Due Process," and "Denial of Access to Courts." Lastly, the section of the Complaint labeled "Claims for Relief" includes allegations of "retaliation"; "supervisory liability" for "retaliatory and chilling remarks"; and "fraudulent conceal[ment]" of "ongoing retaliatory, chillings [*sic*], and mail tamperings [*sic*][."]

Factually, the Complaint encompasses a series of incidents related to [Appellant]'s mail. The triggering event, according to the Complaint, is that [Appellant] received mail from the Philadelphia Court of Common Pleas, regarding an appeal, "which had the docketing sheet removed." The Complaint does not specifically allege that Defendants removed the docketing statement. The Complaint does allege that [Appellant] began threatening to sue Defendants Romero and Perez due to the incident, and that as a result, [Appellant] was called to a meeting with Defendant Muse. The Complaint alleges that Defendant Muse then told [Appellant] she would instruct Defendant Romero how to "write up" an incident between [Appellant] and Defendant Romero as "a criminal threat" rather than "free speech."

The next incident described in the Complaint is an interaction between [Appellant] and Defendants Romero and Perez after [Appellant] allegedly received open legal mail. The Complaint alleges that [Appellant] notified Defendants Romero

- 2 -

and Perez about the open mail, and that Defendants Romero and Muse "began yelling at [Appellant] and retaliating against him again." Specifically, the Complaint alleges that Defendant Perez "approached [Appellant] in a 'menacing manner' with a 'closed fist' then took a half-step and pointed a finger in [Appellant]'s face telling him he is going to the hole (SHU) if he threatened them again."

Lastly, the Complaint alleges that a "special mail policy" was inserted into [Appellant]'s legal mail. The Complaint does not describe the "special mail policy" or provide any other details regarding this incident.

The court reviewed the Complaint, in conjunction with the Petition to Proceed *In Forma Pauperis*, and dismissed the action as frivolous [under Pa.R.C.P. 240(j)(1)]. This appeal followed.

Trial Court Opinion (TCO), 5/4/17, at 1-3 (footnote omitted).

The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement, but it issued a Rule 1925(a) opinion on May 4, 2017. Herein, Appellant presents two issues for our review:

1) Whether [Appellant]'s complaint contains enough legal and factual matter [*sic*] to raise claims under the First Amendment for retaliation over [Appellant]'s request to ask the defendants to right a wrong, and, First Amendment right to protected communications using prison legal mail?

2) Whether the defendants' actions and threats to initiate disciplinary proceedings and the like, against [Appellant,] satisfies Article III standing for existence of a credible threat of prosecution or disciplinary action?

Appellant's Brief at 4.

To begin, we recognize that orders which deny IFP status and dismiss companion complaints as frivolous are final and appealable. ***See Grant v. Blaine***, 868 A.2d 400, 403 (Pa. 2005). Rule 240 of the Pennsylvania Rules of Civil Procedure states, in pertinent part:

- 3 -

(j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, **the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.**

*Note:* A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Pa.R.C.P. 240(j)(1) (emphasis added). Additionally, "[a]ppellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Bell v. Mayview State Hosp.*, 853 A.2d 1058, 1060 (Pa. Super. 2004).

Here, we have reviewed Appellant's brief,[1] the certified record, and the applicable law. Additionally, we have reviewed the opinion of the Honorable Idee C. Fox of the Court of Common Pleas of Philadelphia County. We conclude that Judge Fox's well-reasoned decision accurately disposes of the issues presented by Appellant. *See* TCO at 3-5. Accordingly, we adopt her opinion as our own and affirm the order dismissing Appellant's complaint for the reasons set forth therein.

Order affirmed.

---

[1] The Appellees have not filed a brief with this Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2017

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

JUSTIN CREDICO        :      JANUARY TERM, 2017
                              :      NO. 3392

v.                      :

ISM OFFICER ROMERO  et al.    :      SUPERIOR COURT NO.
                              :      1017 EDA 2017
                              :

## OPINION

Plaintiff Justin Credico, a *pro se* inmate, appeals this court's Order of February 3, 2017 which dismissed his Complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1).

## FACTUAL and PROCEDURAL HISTORY

Plaintiff commenced this action by Complaint in January 2017. The named Defendants are "ISM Officer Romero, ISM Officer Perez, ISM Officer Quinn, Lieutenant Muse, Unknown Regional BOP Official, and Ian Connors (BOP Central Offic.)." Defendants Romero, Perez, Quinn, and Muse are alleged employees of the Federal Detention Center in Philadelphia where Plaintiff is incarcerated. Defendant Connors is an alleged employee of the Bureau of Prisons Central Office in Washington, D.C.

Plaintiff contemporaneously filed a Petition to Proceed *In Forma Pauperis* ("IFP") with the Complaint. The IFP Petition was assigned to this court. As is allowed under Pa.R.C.P. 240(j)(1), this court reviewed the IFP Petition and the Complaint.

Under a heading labeled "Introduction", the Complaint states: "[t]his is a civil rights action filed by Justin Credico, a detainee at FDC Philadelphia seeking damages and injunctive relief, alleging retaliation, tampering with mail, fraudulent misrepresentations,



:hilled speech, and falsified misconduct reporting, all in violation of the First Amendment ind Fifth/Fourteenth Amendment of the Constitution." The section of the Complaint labeled 'Facts" contains subheadings labeled "Retaliation," "Due Process," and "Denial of Access to :ourts." Lastly, the section of the Complaint labeled "Claims for Relief" includes allegations of "retaliation"; "supervisory liability" for "retaliatory and chilling remarks"; and "fraudulent :onceal[ment]" of "ongoing retaliatory, chillings, and mail tamperings [sic]".

Factually, the Complaint encompasses a series of incidents related to Plaintiff's mail.[1] The triggering event, according to the Complaint, is that Plaintiff received mail from the Philadelphia Court of Common Pleas, regarding an appeal, "which had the docketing sheet removed." The Complaint does not specifically allege that Defendants removed the docketing statement. The Complaint does allege that Plaintiff began threatening to sue Defendants Romero and Perez due to the incident, and that as a result, Plaintiff was called to a meeting with Defendant Muse. The Complaint alleges that Defendant Muse then told Plaintiff she would instruct Defendant Romero how to "write up" an incident between Plaintiff and Defendant Romero as "a criminal threat" rather than "free speech."

The next incident described in the Complaint is an interaction between Plaintiff and Defendants Romero and Perez after Plaintiff allegedly received open legal mail. The Complaint alleges that Plaintiff notified Defendants Romero and Perez about the open mail, and that Defendants Romero and Muse "began yelling at plaintiff and retaliating against him again." Specifically, the Complaint alleges that Defendant Perez "approached plaintiff in a

---

[1] The Complaint appears to have been filed with one or more pages missing, as Plaintiff's enumerated paragraphs skip from 15 to 34.

nenacing manner' with a 'closed fist' then took a half-step and pointed a finger in P]laintiff's face telling him he is going to the hole (SHU) if he threatened them again."

Lastly, the Complaint alleges that a "special mail policy" was inserted into Plaintiff's egal mail. The Complaint does not describe the "special mail policy" or provide any other jetails regarding this incident.

The court reviewed the Complaint, in conjunction with the Petition to Proceed *In Forma Pauperis*, and dismissed the action as frivolous. This appeal followed.

## DISCUSSION

In relevant part, Rule 240(j)(1) states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous

Pa.R.C.P. No. 240(j)(1).

A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." Pa.R.C.P. No. 240(j)(1), Note. An action is frivolous under Pa.R.C.P. No 240(j)(1), if, "on its face, it does not set forth a valid cause of action." *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa.Super. 2009).

Although the discrepancies noted above make it unclear, the Complaint appears to state three causes of action: violation of Plaintiff's procedural due process rights under the Fifth and Fourteenth Amendments of the United States Constitution; retaliation for exercise of Plaintiff's rights under the First Amendment; and denial of Plaintiff's right to access to the courts under the Fourteenth Amendment.[2] As the Complaint fails to allege the necessary elements of each claim, the Complaint was properly dismissed.

---

[2] The Complaint uses the phrases "tampering with mail", "fraudulent misrepresentation", "chilled speech", and "falsified misconduct" in a conclusory fashion and without correlated factual allegations. Moreover, the body of the Complaint addresses only the three causes of action listed.

Procedural due process rights are triggered by deprivation of a legally cognizable liberty interest. *Brown v. Blaine*, 833 A.2d 1166, 1173 (Pa.Cmwlth. 2003) citing *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* Here, the sole allegations of hardship are that Plaintiff received open legal mail and that a "special mail policy" was inserted into one piece of correspondence. The Complaint states "[P]laintiff is still to have his IMPROPERLY marked 'legal mail' opened in his presence when it appears to originate from the defined entities and persons as 'special correspondence.' When Defendants Perez and Romero did not do this, they denied any avenue of due process for [P]laintiff to review their actions, or act accordingly." The Complaint fails to allege, factually, how the receipt of open mail denies Plaintiff's "avenue of due process." Similarly, the Complaint fails to allege what the "special mail policy" is or how it imposes an atypical or significant hardship on Plaintiff in relation to the ordinary incidents of prison life. Pennsylvania is a fact pleading state, and a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim. *Lerner v. Lerner*, 954 A.2d 1229, 1235 (Pa.Super. 2008), citing *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 318 Pa.Super. 293, 464 A.2d 1349, 1352 (1983). As the Complaint fails to set forth these essential facts, the Complaint fails to establish a cause of action for deprivation of procedural due process rights.

For a prisoner to state a claim against prison officials for retaliation for exercising a constitutional right, the prisoner must allege that he engaged in constitutionally protected conduct, that prison officials took adverse action, and that the protected conduct was a substantial or motivating factor for the action. *Yount v. Department of Corrections*, 600 Pa. 418, 426, 966 A.2d 1115, 1120 (2009). Here, the Complaint alleges that Plaintiff was "threatened with serious disciplinary punishment if he did not stop telling people he was going to sue them" and that "[t]he actions of defendants, Romero and Muse in retaliating against [P]laintiff over his threat to sue, which is a constitutionally protected right, was adverse against [P]laintiff, and the casual [sic] connection is crystal clear." These

allegations are insufficient in two regards.  First, the Complaint does not allege that Plaintiff "engaged in constitutionally protected conduct" because the alleged protected conduct is the right to sue, not Plaintiff's actions (i.e. his threats).  Second, the Complaint does not allege factually that any adverse action was taken by Defendants.  Although the Complaint alleges that Defendants threatened Plaintiff with disciplinary punishment, there is no allegation that any disciplinary action took place.  As such, the Complaint has failed to establish a cause of action for retaliation in exercising a constitutional right.

Lastly, the Complaint fails to adequately allege that Defendants have denied Plaintiff access to the courts.  Prisoners have a constitutional right of access to the courts under the equal protection clause of the Fourteenth Amendment. *Bronson v. Horn,* 830 A.2d 1092 (Pa.Cmwlth. 2003), affirmed, 577 Pa. 653, 848 A.2d 917 (2004), cert. denied, 543 U.S. 944, 125 S.Ct. 369, 160 L.Ed.2d 257 (2004).  The Complaint states in a conclusory fashion that "[P]laintiff's appeal was ruined because of [Defendant's] actions" and that "[s]eeing as how [P]laintiff has now missed a court deadline (see Credico v. Unknown Clerk in PA Superior Court)[3] and [P]laintiff has shown clear evidence of such (see Exhibit A of that case).  The lost claim has now satisfied a true backward looking denial of access claim [sic]."  The Complaint does not specifically allege what "actions" by the Defendants caused Plaintiff to miss a court deadline.  Moreover, the Complaint does not allege the appeal was quashed, dismissed, or otherwise decided against Plaintiff.  As the Complaint, once again, fails to set forth essential facts (per *Lerner, supra*), the Complaint fails to establish a cause of action for denial of Plaintiff's access to the courts.

For the foregoing reasons, this court's Order of February 3, 2017 should be affirmed.

BY THE COURT:

**IDEE C. FOX, J.**

Date: 5/4/17

---

[3] Plaintiff does not provide a citation for "Credico v. Unknown Clerk" and there are no Exhibits attached to the Complaint.