J-S01032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIM E. HOLZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| D. LANGTON, SUSAN HEATH | : | |
| | : | |
| Appellee | : | No. 1478 MDA 2017 |

Appeal from the Order Entered July 12, 2017
In the Court of Common Pleas of Union County
Civil Division at No(s): 17-424

| | | |
|---|---|---|
| TIM E. HOLZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| THE AMERICAN CORRECTIONAL | : | |
| ASSOCIATION | : | |
| | : | |
| Appellee | : | No. 1479 MDA 2017 |

Appeal from the Order Entered July 12, 2017
In the Court of Common Pleas of Union County
Civil Division at No(s): 17-425

BEFORE: GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED FEBRUARY 22, 2018**

Appellant, Tim E. Holz, appeals *pro se* from the orders entered in the Union County Court of Common Pleas, which denied his petitions to proceed *in forma pauperis* ("IFP") and dismissed his complaints as frivolous for lack of subject matter jurisdiction and standing. For the following reasons, we affirm.

The trial court provided some of the relevant facts and procedural history of this appeal as follows.

> [Appellant] in these matters, Tim E. Holz, is a federal inmate who was incarcerated in the Allenwood Federal Correction Center, located in White Deer Township, Union County, Pennsylvania. Based on correspondence from [Appellant], the [c]ourt believes [Appellant] has been transferred to a federal correctional institution in Texas. [Appellant] is attempting to file two (2) civil actions in this [c]ourt. He has filed Petitions for [IFP] Status, which the [c]ourt has denied. [Appellant] has appealed the [c]ourt's denial of [Appellant's] [IFP status] to permit him to file the Complaints without costs.
>
> The sole issue on appeal is whether the [c]ourt appropriately denied him [IFP status].
>
> It would appear that [Appellant] qualifies for [IFP] status as he is incarcerated in a federal correctional institute. However, other circumstances of this case warrant the denial of that status.
>
> [Appellant] has filed or has attempted to file thirty-seven (37) civil actions in this [c]ourt since 2012.
>
> Every single case has been dismissed either summarily by the [c]ourt or after preliminary objections were filed. Nine (9) of these cases were appealed to the Superior Court and the appeal was either quashed or dismissed. Every single case filed by [Appellant] was frivolous, alleged utterly ridiculous allegations and demanded millions or billions of dollars in damages. In one (1) case, [Appellant] alleged that Judge Michael T. Hudock, President Judge of the 17th Judicial District, "jumped out of a perfectly flying airplane and took the Commonwealth of Pennsylvania with him without a parachute in 50,000 feet commercial airliner airspace". He then went on to allege that Judge Hudock conspired to murder him.
>
> This is an illustration of the pleadings that have been filed by [Appellant] in the past.

- 2 -

> In the present cases, CV-17-424, [Appellant] alleges in his complaint that a correctional officer or another federal employee did not mail legal mail of his and he further complains about FBI informants in the prison system. He seeks $100,000.00 in punitive damages.
>
> In CV-17-425, he complains that three (3) correctional officers suffocated him and he was dead for 9 minutes and 50 seconds before being resuscitated by a lieutenant. He further complains about prison accreditation by the American Correctional Association.

(Trial Court Opinion, filed September 25, 2017, at 1-3) (footnotes omitted).

Preliminarily, we observe:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in Pennsylvania Rules of Appellate Procedure. *Id.* Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Wilkins v. Marsico,* 903 A.2d 1281, 1284-85 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007) (some internal citations omitted).

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.**—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1)    Statement of jurisdiction.

(2)    Order or other determination in question.

(3)    Statement of both the scope of review and the standard of review.

(4)    Statement of the questions involved.

(5)    Statement of the case.

(6)    Summary of argument.

(7)    Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for appellant.

(9)    A short conclusion stating the precise relief sought.

(10)   The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11)   In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a).  Additionally, Rule 2119(a) provides:

**Rule 2119.  Argument**

**(a)    General rule.**  The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Importantly:

- 4 -

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument, which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley,* 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013) (internal citations and quotation marks omitted).

As an equally important matter, Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure provides:

> **Rule 240.  *In Forma Pauperis***
>
> \*    \*    \*
>
> (j)(1)  If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue **or if it is satisfied that the action, proceeding or appeal is frivolous.**
>
> > *Note:* A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Pa.R.C.P. 240(j)(1) (emphasis added) and *Note*.  "Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to…whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law."

***Bell v. Mayview State Hosp.***, 853 A.2d 1058, 1060 (Pa.Super. 2004).

The Federal Tort Claims Act confers exclusive jurisdiction in the federal courts for all claims brought under the Act. 28 U.S.C.A. § 1346(b)(1). Additionally,

> A party seeking judicial resolution of a controversy in this Commonwealth must, as a prerequisite, establish…standing to maintain the action. ***Kuropatwa v. State Farm Ins. Co.***, 554 Pa. 456, 460, 721 A.2d 1067, 1069 (1998). ***See also Pittsburgh Palisades Park, LLC v. Commonwealth***, 585 Pa. 196, 888 A.2d 655 (2005) (stating standing to sue is threshold requirement to judicial resolution of dispute).
>
> > The issue of standing is generally distinguishable from the issue of subject matter jurisdiction. ***Hertzberg v. Zoning [Bd. of Adjustment of City] of Pittsburgh***, 554 Pa. 249, 255 n. 6, 721 A.2d 43, 46 n. 6 (1998)…. …
>
> ***In re Duran***, 769 A.2d 497, 501 n. 2 (Pa.Super.2001) (some internal citations omitted). The general principle behind the necessity for standing to sue is to protect against improper plaintiffs.

***Step Plan Services, Inc. v. Koresko***, 12 A.3d 401, 417-18 (Pa.Super. 2010) (some internal citations and quotation marks omitted). Pennsylvania law on common law standing provides that a person can invoke the jurisdiction of a court to enforce private rights or maintain an action for the enforcement of such rights, only if that person has in an individual or representative capacity some real interest in the legal right that is the subject matter of the controversy. ***In Interest of G.C.***, 673 A.2d 932, 935 (Pa.Super. 1996). ***See generally In re T.J.***, 559 Pa. 118, 124, 739 A.2d

478, 481 (1999) (stating: "In determining whether a party has standing, a court is concerned only with the question of who is entitled to make a legal challenge and not the merits of that challenge"; "the purpose of the 'standing' requirement is to insure that a legal challenge is by a proper party"). There is no private cause of action against the American Correctional Association based on accreditation; a cognizable claim, if any, against the American Correctional Association must implicate individual constitutional rights. *See generally Bell v. Wolfish*, 441 U.S. 520, 543 n.27, 99 S.Ct. 1861, 1876 n.27, 60 L.Ed.2d 447, ___ n.27 (1979) (stating: "And while the recommendations of [correctional associations] may be instructive in certain cases, they do not establish the constitutional minima; rather, they establish goals recommended by the organization in question"; violation of accreditation standards is not per se violation of constitutional rights).

Instantly, Appellant presents no cogent argument and completely violates the structural requirements of the appellate rules. Therefore, he has arguably waived any claims for review. Moreover, after a thorough review of the record, the briefs of the parties, the applicable law, and the reasoned opinion of the Honorable Michael H. Sholley, we conclude Appellant merits no relief on appeal. The trial court opinion correctly discusses and properly disposes of any issues. (*See* Trial Court Opinion at 3-4) (finding: Appellant is federal inmate formerly incarcerated in federal facility in PA; his

sole issue on appeal is whether court appropriately denied Appellant *IFP* status; although Appellant's incarceration in federal prison qualifies him for *IFP* status, other circumstances warrant denial of *IFP* status; in present cases, Appellant alleges frivolous claims against corrections officers and federal employees; Federal Tort Claims Act preempts subject matter jurisdiction over specific claims Appellant has against federal employees while he is in federal prison; further, Appellant lacks standing to raise his claim against American Correctional Association; both complaints are facially frivolous and indicate court lacks subject matter jurisdiction or Appellant lacks standing to bring his particular claims). Accordingly, we affirm.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2018

FILED
UNION COUNTY, PA

2017 SEP 25 PM 3: 58

PROTHONOTARY
CLERK OF COURTS

| | | |
|---|---|---|
| TIM E. HOLZ, | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | OF THE 17TH JUDICIAL DISTRICT |
| | : | OF PENNSYLVANIA |
| vs. | : | UNION COUNTY BRANCH |
| | : | CIVIL ACTION – LAW |
| D. LANGTON, SUSAN HEATH, | : | |
| Defendants | : | NO. 17-424 |

| | | |
|---|---|---|
| TIM E. HOLZ, | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | OF THE 17TH JUDICIAL DISTRICT |
| | : | OF PENNSYLVANIA |
| vs. | : | UNION COUNTY BRANCH |
| | : | CIVIL ACTION – LAW |
| THE AMERICAN CORRECTIONAL | : | |
| ASSOCIATION, | : | |
| Defendant | : | NO. 17-425 |

## ORDER

**AND NOW,** this _25_ day of September, 2017, it is hereby ORDERED that the

Clerk of Courts transmit the record to the Superior Court.

BY THE COURT:

MICHAEL H. SHOLLEY, J.

9/26/17

cc: Plaintiff, Inmate #15079-064, c/o U.S. Penitentiary, m
P.O. Box 26030, Beaumont, Texas, 77720
Deputy Court Administrator
Administrative Assistant

Coded 9-26-17
Alisha A Smith 9, 10

| | | |
|---|---|---|
| TIM E. HOLZ, | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | OF THE 17TH JUDICIAL DISTRICT |
| | : | OF PENNSYLVANIA |
| vs. | : | UNION COUNTY BRANCH |
| | : | CIVIL ACTION – LAW |
| D. LANGTON, SUSAN HEATH, | : | |
| Defendants | : | NO. 17-424 |


| | | |
|---|---|---|
| TIM E. HOLZ, | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | OF THE 17TH JUDICIAL DISTRICT |
| | : | OF PENNSYLVANIA |
| vs. | : | UNION COUNTY BRANCH |
| | : | CIVIL ACTION – LAW |
| THE AMERICAN CORRECTIONAL | : | |
| ASSOCIATION, | : | |
| Defendant | : | NO. 17-425 |

## OPINION

**SHOLLEY, J. – September 25, 2017**

The plaintiff in these matters, Tim E. Holz, is a federal inmate who was incarcerated in the Allenwood Federal Correction Center, located in White Deer Township, Union County, Pennsylvania. Based on correspondence from the plaintiff, the Court believes the plaintiff has been transferred to a federal correctional Institution in Texas.

The plaintiff is attempting to file two (2) civil actions in this Court. He has filed Petitions for In Forma Pauperis Status which the Court has denied. The Plaintiff has

1

appealed the Court's denial of the plaintiff's in forma pauperis standing to permit him to file the Complaints without costs.

The sole issue on appeal is whether the Court appropriately denied him in forma pauperis standing.

It would appear that the plaintiff qualifies for in forma pauperis status as he is incarcerated in a federal correctional institute. However, other circumstances of this case warrant the denial of that status.

The plaintiff has filed or has attempted to file thirty-seven (37) civil actions in this Court since 2012.

Every single case has been dismissed either summarily by the Court or after preliminary objections were filed.[1] Nine (9) of these cases were appealed to the Superior Court and the appeal was either quashed or dismissed.[2] Every single case filed by the plaintiff was frivolous, alleged utterly ridiculous allegations and demanded millions or billions of dollars in damages. In one (1) case [3], the plaintiff alleged that Judge Michael T. Hudock, President Judge of the 17th Judicial District, "jumped out of a perfectly flying airplane and took the Commonwealth of Pennsylvania with him without a parachute in 50,000 feet commercial airliner airspace". He then went on to allege that Judge Hudock conspired to murder him.

This is an illustration of the pleadings that have been filed by the Plaintiff in the past.

---

[1] 12-727, 12-740, 12-801, 12-857, 12-889, 13-001, 13-014, 13-023, 15-538, 15-607, 15-660, 16-140, 16-141, 16-144, 16-298, 16-300, 16-310, 16-311, 16-312, 17-216, 17-283, 17-284, 17-285, 17-286, 17-303, 17-304, 17-305, 17-306, 17-424, 17-425, 17-426, 17-459, 17-460, 17-461, 17-462, 17-463, and 17-495.

[2] 1958 MDA 2012, 99 MDA 2013, 163 MDA 2012, 249 MDA 2013, 663 MDA 2013, 668 MDA 2013, 673 MDA 2013, 2000 MDA 2015, 2225 MDA 2015.

[3] CV-13-014

In the present cases, CV-17-424, the plaintiff alleges in his complaint that a correctional officer or another federal employee did not mail legal mail of his and he further complains about FBI informants in the prison system. He seeks $100,000.00 in compensatory damages and $100,000.00 in punitive damages.

In CV-17-425, he complains that three (3) correctional officers suffocated him and he was dead for 9 minutes and 50 seconds before being resuscitated by a lieutenant. He further complains about prison accreditation by the American Correctional Association.

Upon receiving the file the Court reviewed the Petition for In Forma Pauperis status and the content of the Complaint. Initially, as the plaintiff asserts claims against federal employees, the Federal Tort Claims Act would preclude this Court from having jurisdiction over any claims the plaintiff may have over federal employees while he is in a federal correctional institution.

Further, the plaintiff would not have standing to pursue a claim against the American Correctional Association in their determination of whether to certify a federal institution or not.

The Complaints on their face are entirely frivolous or clearly indicate this Court has no jurisdiction over the subject matter. Given the multiple frivolous filings of the plaintiff, the fact that a review of the pleadings the plaintiff seeks to file do not indicate

any claims which the plaintiff could pursue in this Court, the denial of the in forma pauperis status was appropriate.

BY THE COURT:

MICHAEL H. SHOLLEY, J.

cc:  Plaintiff, Inmate #15079-064, c/o U.S. Penitentiary, m
      P.O. Box 26030, Beaumont, Texas, 77720
      Deputy Court Administrator
      Administrative Assistant

9/26/17

4