J-A08015-18

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| TWILA HAYNES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASSETS PROTECTION, INC. | : | No. 2899 EDA 2017 |

Appeal from the Order Entered September 1, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  August Term, 2017, No. 2877

BEFORE:   PANELLA, J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 12, 2018**

Twila Haynes appeals *pro se* from the September 1, 2017 order entered in the Philadelphia Court of Common Pleas, which denied her petition to proceed *in forma pauperis* ("IFP") and dismissed her complaint as frivolous. We affirm.[1]

On August 29, 2017, Haynes filed a petition to proceed IFP and a civil complaint filed *pro se* against Appellee, Assets Protection, Inc. ("Assets"). Through her complaint, Haynes set forth a series of allegations against Assets, her employer from 2012 until 2014. Specifically, Haynes claimed Assets

_____

* Retired Senior Judge assigned to the Superior Court.

[1] This Court previously quashed Haynes's *pro se* appeal from the order granting summary judgment in favor of Assets Protection, Inc., in the wrongful termination/employment action. ***See Haynes v. Assets Protection, Inc.***, No. 3060 EDA 2016) (Pa. Super., filed 8/14/17) (judgment order) (Lazarus, J.)

increased the scope of her workload without providing a corresponding increase in compensation, required her to perform work that resulted in physical injuries, and ultimately terminated her in 2014. However, Haynes did not aver that she had a contract with Assets, that Assets caused her physical injuries, or that she was unjustly terminated. And, Haynes failed to specifically plead any cause of action in her complaint, only implying that she had claims arising in negligence, breach of contract, and a violation of the Americans with Disabilities Act.

After reviewing the complaint in conjunction with the IFP request, the trial court denied Haynes's IFP request pursuant to Pa.R.C.P. 240(j)(1) and dismissed her complaint, without prejudice, as frivolous.[2] This timely appeal follows.

On appeal, Haynes contests the trial court's decision to dismiss her complaint as frivolous. Haynes contends the trial court erred by failing to

---

[2] Typically, an order dismissing a complaint without prejudice is considered interlocutory. **See Mier v. Stewart**, 683 A.2d 930 (Pa. Super. 1996). However, because the trial court failed to grant Haynes leave to amend while dismissing her complaint without prejudice, we will consider this a final order for appellate purposes. **See Fastuca v. L.W. Molnar & Associates**, 950 A.2d 980, 986 (Pa. Super. 2008) (order will be considered a final order, and therefore appealable, if the practical ramification of the order is to dispose of the case).

automatically grant her the right to amend her complaint, and therefore the trial court's order dismissing her complaint should be reversed.[3]

"Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." **Bell v. Mayview State Hosp**., 853 A.2d 1058, 1060 (Pa. Super. 2004) (citation omitted). Rule 240 provides individuals without the financial resources to pay the costs of litigation a procedure by which they may apply to proceed IFP. Once an individual files a petition for IFP under Rule 240, the trial court must review the case, as follows:

> (j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1).

"A frivolous action or proceeding has been defined as one that lacks an arguable basis either in law or in fact." **Id**., at Note (citation and internal

---

[3] Haynes's appellate brief fails to conform to many of the requirements of the Pennsylvania Rules of Appellate Procedure. We recognize that "[t]his Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **Commonwealth v. Adams**, 882 A.2d 496, 497 (Pa. Super. 2005) (citing Pa.R.A.P. 2101). However, despite the shortcomings in Haynes's appellate brief, we were able to discern the issue and argument she wanted to present on appeal. Therefore, we decline to dismiss this appeal.

quotation marks omitted). Also, an action is considered frivolous under Rule 240(j), "if, on its face, it does not set forth a valid cause of action." **Bell**, 853 A.2d at 1060 (citations omitted). However, we are mindful that a *pro se* complaint should not be dismissed under this section "simply because it is not artfully drafted." **Id**. (citation omitted).

The trial court offered the following explanation for dismissing Haynes's complaint as frivolous.

> Pennsylvania is a fact pleading state, and a complaint must not only give the defendant notice of the plaintiff's claim and the grounds upon which it rests, but must summarize those facts essential to support the claim. … [I]t is unclear which causes of action are being pled here. However, the [c]omplaint makes specific reference to breach of contract, negligence, and violation of the Americans with Disabilities Act. As the [c]omplaint fails to allege facts necessary to establish any of these causes of action, the [c]omplaint was properly dismissed.
>
> A cause of action for breach of contract must be established by pleading[] (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. Here, there is no allegation of any contract between [Haynes] and [Assets], and the [c]omplaint provides no details regarding the terms of [Haynes's] employment. Pennsylvania law holds that employees are at-will, absent a contract, and may be terminated at any time, for any reason or for no reason. As the [c]omplaint fails to allege a contract between the parties, let alone its essential terms, it fails to set forth a claim for breach of contract.
>
> To establish negligence by a defendant, a plaintiff must prove four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. Here, the [c]omplaint alleges that [Haynes] sustained bodily injury during the course of her employment, but there is no allegation that these injuries were caused by [Assets'] breach of a duty or

obligation.[1] Without alleging these necessary elements, a cause of action for negligence cannot be sustained. It is possible that [Haynes] intended to state a claim under the Workers Compensation Act. However, this court lacks jurisdiction to hear such a claim.

> [1] Although the date of the alleged negligence is not provided, it would appear that [Haynes's] claim would be barred by the statute of limitations. The [c]omplaint states [Haynes] was terminated in 2014 and this action was not initiated until September[] 2017. An action to recover damages for injuries to a person caused by the wrongful act or neglect or unlawful negligence of another must be commenced within two years.

> To state a *prima facie* case under the Americans with Disabilities Act, a plaintiff must demonstrate that: (1) he or she is a disabled person within the meaning of the ADA; (2) he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he or she has suffered an otherwise adverse employment decision as a result of discrimination. Again the [c]omplaint fails to make any factual allegations that these elements are met.

Trial Court Opinion, 10/3/17, at 3-5 (internal citations omitted).

From our review of the record, we find no fault with the trial court's determination that Haynes's complaint was frivolous because it lacked sufficient factual allegations to support her claims. In fact, Haynes does not contest that her complaint, as it stands, lacked sufficient factual allegations to support her claims. Rather she asserts that the trial court should have granted her leave to amend her complaint under Pa.R.C.P. 1033(a).[4] However, while Rule 1033(a) provides a method for amending a complaint, it does not provide

---

[4] Haynes perceives the right to amend her complaint from our summary judgment standard. The trial court's order did not constitute an order for summary judgment, thus that standard is inapplicable to this case.

any party the *automatic right* to amend their complaint. **See** Pa.R.C.P. 1033(a) (providing that a party may amend their complaint with consent of the adverse party or leave of the court). And, while Haynes believes she should have been granted leave to amend her complaint, she utterly fails to demonstrate how a more specific amended complaint would enable her to state a claim cognizable under Pennsylvania law.[4]

Thus, Haynes has not met her burden of convincing us that the trial court's decision was improper. **See The York Group, Inc. v. Yorktowne Caskets, Inc**., 924 A.2d 1234, 1246 (Pa. Super. 2007) ("[T]he appealing party bears the burden of establishing that the trial court's decision is erroneous.") Accordingly, we affirm the order of the trial court.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/18

---

[4] Additionally, because the trial court dismissed Haynes' complaint without prejudice, she could conceivably raise these claims again in another complaint. **See Robinson v. Trenton Dressed Poultry Co**., 496 A.2d 1240, 1243 (Pa. Super. 1985) ("[A] dismissal without prejudice is not intended to be *res judicata* of the merits of the controversy.")